### KATHERINE QUISENBURY v. THE STATE.

No. 7964. Decided January 23, 1924.

Rehearing denied March 5, 1924.

**1.—Keeping Bawdy House—Plea of Guilty—Motion for New Trial.**

Where, upon appeal from a conviction of keeping a bawdy house following a plea of guilty, it appeared from the record that at the time the plea was entered the attorney chosen and employed by the appellant was present and took part in the proceedings; that the plea was regularly

entered according to the statutes, there was no error in overruling the motion for a new trial.

### 2.—Same—Rehearing—Motion for New Trial.

While there is some contention in the motion for a new trial in the instant case that appellant was not guilty, the affidavits of the party whom she names as witnesses, by whom she could establish her innocence of her lack of guilt do not appear in the record, and there was no error in overruling the motion.

### 3.—Same—Reading Information and Complaint.

We know of no rule that requires the court to read the information or complaint when there is a plea of guilty in a misdemeanor case and the jury is waived and the plea taken by the court. Following Essary v. State, 53 Texas Crim. Rep., 596.

Appeal from the County Court at Law of Tarrant. Tried below before the Honorable P. W. Seward.

Appeal from a conviction of keeping bawdy house; penalty, a fine of $200 and confinement in the county jail for twenty days.

The opinion states the case.

*Simpson, Moore & Parker,* for appellant.—Cited: Theriot v. State, 231 S. W. Rep., 777, and cases cited in opinion.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is keeping a bawdy house; punishment fixed at a fine of $200 and confinement in the county jail for a period of twenty days.

There was a plea of guilty entered. A jury was waived. The statement of facts is not brought forward for review.

A motion for new trial and in arrest of judgment was presented asserting that the plea of guilty was entered under a misapprehension of the law and the facts, upon the advice of her attorney to the effect that it was a means of postponing the trial and would not prevent a trial upon the merits at some future time. The motion contains an averment that she had a defense provable by the witnesses, Mrs. T. H. Cole and her husband, T. H. Cole, who would have testified that the house kept by the appellant was not a resort for prostitutes and was not a disorderly house. The motion refers to affidavits of these witnesses which are not found in the record. No reason is given for not having obtained process for the witnesses.

Both the appellant and the county judge testified upon the hearing of the motion, and it appears from the testimony of both that at the time the plea was entered, the attorney chosen and employed by the

appellant was present and took part in the proceedings. It further appears from the testimony of the judge that the plea was regularly entered and was in full compliance with the statute. The attorney who represented the appellant did not testify upon the hearing of the motion.

Nothing is found in the record which warrants an interference by this court with the judgment entered.

An affirmance is ordered.

*Affirmed.*

ON REHEARING.

March 5, 1924.

LATTIMORE, JUDGE.—Appellant earnestly insists that we were wrong in our affirmance of this case, and in holding correct the action of the court below in refusing her motion for a new trial. We have again reviewed the matter in the light of her motion and the authorities cited therein. The circumstances under which this court held the new trial should have been granted the accused in the case of Meeking v. State, 67 Texas Crim. Rep., 69, 148 S. W. Rep., 309, are very different from those in the instant case. It was clearly demonstrated upon the hearing of the motion for new trial in that case that the accused was not guilty, but was a lad who had carried a pistol under circumstances making such act entirely void of guilt, who had pleaded guilty under a quasi threat by an officer. This court held that the new trial should have been granted. While there is some contention in the motion for new trial in the instant case that appellant was not guilty, the affidavits of the parties whom she names as witnesses by whom she could establish her innocence or her lack of guilt, do not appear in the record.

We know of no rule that require the court to read the information or complaint when there is a plea of guilty in a misdemeanor case and a jury is waived and the plea taken by the court. Art. 717 of our Code of Criminal Procedure which is referred to by appellant and under which the Essary case, 53 Texas Crim. Rep., 596, was tried, has reference to a jury trial as clearly appears from the language of said article, and does not refer to procedure when the case is one in which a jury can be waived.

Regretting that we are unable to agree with the contentions of appellant in either particular, the motion for rehearing will be overruled.

*Overruled.*