**Nealy Edward CLARDY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41740.**

Court of Criminal Appeals of Texas.

Dec. 11, 1968.

Rehearing Denied Feb. 19, 1969.

Marks, Time & Aranson, by Fred Time, Dallas, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Frank Puckett, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is murder with malice; the punishment 30 years' confinement in the Texas Department of Corrections.

The indictment (No. 118,445) charging appellant with the murder of Betty Clardy on or about the 26th day of November, A.D., 1965, was returned and presented in open court by the Grand Jury of Harris County on January 4, 1966.

On May 2, 1966, the State filed its written notice that it would not seek the death penalty. This was in accordance with Article 1.14, Vernon's Ann.C.C.P.

Thereafter on the same date the appellant waived trial by jury as provided for in Article 1.13, V.A.C.C.P., and entered his plea of guilty before the court. The court, after admonishing the appellant as to the consequences of his plea and after hearing the evidence, assessed a punishment of 30 years. On this same day sentence was pronounced. Notice of appeal was not given until March 6, 1968, but was then permitted

by the trial court under the provisions of Article 44.08(e), V.A.C.C.P.

Initially, appellant contends the trial court was without jurisdiction to accept his plea of guilty without the intervention of a jury, despite the purported waiver thereof, since the offense charged was a capital offense carrying the death penalty.

Article 1.14, V.A.C.C.P., 1965, reads as follows:

"The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case in which the State has made known in open court in writing at least 15 days prior to trial that it will seek the death penalty. No case in which the State seeks the death penalty shall be tried until 15 days after such notice is given. When the State makes known to the court in writing in open court that it will not seek the death penalty in a capital case, the defendant may enter a plea of guilty before the court and waive trial by jury as provided in Article 1.13, and in such case under no circumstances may the death penalty be imposed."

In the case at bar when the State filed its written notice that it would not seek the death penalty, such penalty authorized by Article 1257, Vernon's Ann.P.C., for the offense of murder, passed out of the case and the case was in effect reduced to a noncapital case [1] by virtue of the provisions of Article 1.14, supra.

■ We therefore hold that under the circumstances presented the court was clearly authorized to accept appellant's plea of guilty after his waiver of a jury trial.

We do not view Article 13, V.A.P.C., as affecting the procedure to be used merely because the offense was shown to have been committed prior to the effective date of the 1965 Code of Criminal Procedure.

Further, we observe that Article 1.02, V.A.C.C.P., reads:

"This Code shall take effect and be in force on and after January 1, 1966. The procedure herein prescribed shall govern all criminal proceedings instituted after the effective date of this Act and all proceedings pending upon the effective date hereof insofar as are applicable."

Insofar as the record before us reflects, these proceedings were instituted on January 4, 1966.

Appellant's first ground of error is overruled.

■ Next, appellant urges that the trial court erred in accepting his plea of guilty without having the indictment read to him and without securing a waiver of such reading. He cites and relies upon Article 26.11, V.A.C.C.P., and Johnson v. State, 118 Tex.Cr.R. 291, 42 S.W.2d 782.

Article 26.11, supra, is found in Chapter 26 of the Code of Criminal Procedure entitled "Arraignment."

It reads as follows:

"The name of the accused having been called, if no suggestion, such as is spoken of in the four preceding Articles, be made, or being made is disposed of as before directed, the indictment shall be read, and the defendant asked whether he is guilty or not, as therein charged."

In Boening v. State, 422 S.W.2d 469, this Court said:

"Article 26.01, supra, does require a statutory arraignment in all felony cases and in all misdemeanor cases punishable by imprisonment. This statutory arraignment, not to be confused with taking an accused before a magistrate (Article 15.17, V.A.C.C.P.), was formerly required only in capital cases. See former Article 491, V.A.C.C.P. Such arraignment, not

---

1. Referred to in the 1967 amendments to Article 1.15 and 37.07, V.A.C.C.P., as "capital cases where the State has waived

the death penalty." Cf., however, the provisions of Article 47, V.A.P.C.

being a part of trial by jury, is for the purpose of reading the indictment to the accused, hearing his plea thereto and fixing his identity. Article 26.02, V.A.C.C.P.; Steen v. State, 92 Tex.Cr.R. 99, 242 S.W. 1047. The time for such arraignment is prescribed by Article 26.03, V.A.C.C.P."

The judgment in the case at bar clearly reflects that after waiver of trial by jury the appellant "was arraigned and in open court pleaded guilty to the charge contained in the indictment." Such instrument further reflects "The Court, having heard the indictment read, the defendant's plea thereto, the evidence submitted, and the argument of counsel thereon * * *"

Further, the docket sheet reflects that on May 2, 1966, the appellant was "duly arraigned according to law in open court" and "pleaded guilty."

While testifying at the trial appellant was asked by the prosecutor:

"Q. You have heard the charge against you in the indictment, No. 118445?

"A. Yes, sir."

"The recitals of the entry of arraignment render it clear that the indictment must have been read to the appellant before he was required to plead thereto and this is substantially all that the statutes require with regard to the entry of the facts upon the minutes." Smith v. State, 21 Tex.App. 277, 17 S.W. 471, 472 (construing Article 516, C.C.P., 1879, in language identical to Article 26.11, supra).

If the recitations in the judgment and other parts of the record were not correct, then we observe no objection to the approval of the record was offered by the appellant. We further call attention to the provisions of Article 44.24, V.A.C.C.P. (Presumptions on Appeals) which require this Court to presume, among other things, that the defendant was arraigned and that he pleaded to the indictment unless such matter was made an issue in the court below, or unless it affirmatively appears to con-

trary from the record. See Boening v. State, supra.

We find from what has been said that there has been a compliance with Article 26.11, supra, contrary to appellant's contention.

 Appellant's reliance upon Johnson v. State, supra, is misplaced since that case dealt with the mandatory provisions of former Article 642 (now Article 36.01, V.A.C.C.P.) which relates to the order of proceeding in a jury trial and requires reading of the indictment to the jury by the prosecuting attorney. Such article has no reference to the procedure when the case is one in which a jury can be and has been waived. Cf. Quisenbury v. State, 96 Tex. Cr.R. 583, 257 S.W. 502.

Appellant's ground of error #2 is overruled.

The judgment is affirmed.