Grover PICKERING, Appellant,

v.

FIRST GREENVILLE NATIONAL BANK,
Appellee.

Nos. 17830, 17831.

Court of Civil Appeals of Texas,
Dallas.

March 23, 1972.

Rehearing Denied April 13, 1972.

Charles A. Girand, Dallas, for appellant.

Allen Clark, Clark & Clark, Greenville, for appellee.

CLAUDE WILLIAMS, Chief Justice.

These consolidated appeals present questions of venue and more particularly the applicability of exception 5 of Art. 1995, Vernon's Tex.Rev.Civ.Stat.Ann.

In Cause No. 32,190 in the District Court of Hunt County, Texas, styled First Greenville National Bank vs. George Burnett and Grover Pickering, plaintiff bank alleged that the defendants had, on the 8th day of April, 1970, made, executed and delivered to plaintiff bank a certain promissory note in the amount of $1,505.63. It was alleged that the said note was payable in the City of Greenville, Hunt County,

Texas. Defendant Burnett filed no answer and defendant Grover Pickering filed a plea of privilege to be sued in Delta County, Texas. The bank filed its controverting affidavit in which it contended that venue was proper in Hunt County by virtue of exception 5, of Art. 1995, V.A.C.S.

In Cause No. 32,191 in the District Court of Hunt County styled First Greenville National Bank vs. Grover Pickering, plaintiff alleged that defendant had made, executed and delivered a written guaranty agreement wherein defendant had guaranteed the payment of a certain promissory note dated February 17, 1970 and executed by one Allen Goldsmith in the sum of $6,000. Plaintiff alleged that Goldsmith was insolvent and that Pickering was liable on the guaranty agreement since the note had not been paid. It was also alleged that the guaranty contract provided for payment in the City of Greenville, Hunt County, Texas. Pickering filed his plea of privilege seeking to remove venue of the case to Delta County, Texas. Plaintiff bank filed its controverting affidavit in which it alleged that venue was proper in Hunt County, Texas because of the provisions of paragraph 5 of Art. 1995, V.A.C.S.

Both cases came on to be heard by the trial court and, by agreement of counsel and the court, the two cases were consolidated and heard at the same time. Following the introduction of testimony the trial court entered separate orders in each case in which each plea of privilege was overruled. From these orders Pickering has perfected an appeal to this court and, by agreement, the two appeals have been consolidated for hearing and determination.

In his first point of error appellant contends that the trial court erred in overruling his pleas of privilege in both cases because appellee failed to prove the execution of the promissory note sued upon in Cause No. 32,190 and the guaranty agreement sued upon in Cause No. 32,191. Appellant argues that since appellee did not attach to its plaintiff's petition either the promissory note or the guaranty agreement that it was not incumbent upon him to deny the execution of the two instruments under oath as provided by Rules 86 and 93, Vernon's Texas Rules of Civil Procedure.

In Cause No. 32,190 plaintiff bank alleged in its petition that: "the defendants made, executed, and delivered to plaintiff their certain promissory note in the amount of $1,505.63, due ninety days after date, bearing interest from date at the rate of nine percent (9%) per annum, and containing the usual clause for the payment of ten percent (10%) additional in the event said note is placed in the hands of attorneys for collection or suit is brought thereon * * *."

In Cause No. 32,191 plaintiff bank alleged the execution of the promissory note by Allen Goldsmith in the sum of $6,000 on February 17, 1970, and then alleged: "that in order to guarantee the payment of said indebtedness, the defendant herein contracted and agreed in writing to guarantee the payment of said note to the extent of $6,000.00 * * *."

At the trial of the case both the note and the guaranty agreement were tendered in evidence and received by the court and considered by the court in arriving at his final judgment denying the pleas of privilege. Appellant does not contend that either the note or the guaranty agreement was in different terms and conditions than those alleged by appellee.

Rule 86, T.R.C.P., relating to pleas of privilege provides that when a plea of privilege is filed in accordance with the rule it shall be prima facie proof of defendant's right to change of venue; provided that such plea shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93 unless specifically alleged in such plea. Rule 93, T.R.C.P., in subdivision (h) provides that there must be a verified denial of the execution by him-

self or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by defendant or by his authority. It is undisputed that in this case appellant did not file a verified denial of his execution of either the note or the guaranty agreement. He attempts to escape the effects of such failure by contending that he was not required to do so unless the note and guaranty agreement were actually attached to the pleading. We think this objection is hypertechnical and must be overruled.

The object and purpose of pleadings is to give fair and adequate notice to the party being sued of the nature of the cause of action asserted against him so that he might adequately prepare his defense thereto. Plaintiff's petition in each of these cases fairly and adequately advised the defendant of the nature of the cause of action being asserted. We find no basis for holding that it is mandatory and required that the note or the guaranty agreement be actually attached to the pleading in order to require the enforcement of Rule 93, T.R.C.P.

The identical question was presented to the court in Gothard v. Saunders, 415 S. W.2d 718 (Tex.Civ.App., Fort Worth 1967, writ ref'd n. r. e.). There the plaintiff's petition described the note sued upon though it did not quote the same *haec verba*. The defendant filed no verified denial but contended that since the note itself had not been attached to the pleadings it was not required to file a verified denial under Rule 93, T.R.C.P. The court denied this contention.

■ We find no basis in law to support appellant's contention that he was not adequately advised that he was being sued upon a promissory note and a written agreement which he had executed. In the light of the pleadings we believe that appellant was required to file a sworn denial in accordance with Rule 93, T.R.C.P. Not having done so he cannot now contend that

it was incumbent upon appellee to prove execution of the note or guaranty agreement. It is fundamental that when the plaintiff has alleged and proved execution of the contract and has introduced it in evidence this meets the burden placed upon him to establish the right to maintain the suit in the county where it is expressly made payable. It is not necessary to prove the cause of action alleged in a venue hearing. Sheffield v. Kirschmer, 269 S. W.2d 942 (Tex.Civ.App., Dallas 1954); Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810 (1929); and Film Advertising Corporation v. Camp, 137 S.W.2d 1068 (Tex.Civ.App., Dallas 1940).

■ In his second point of error appellant contends that the trial court erred in admitting appellee's Exhibits 1 and 3 into evidence. In his argument under this point he states that appellee's Exhibit No. 2 was never admitted into evidence by the trial court. Exhibit 1 was the original note in the sum of $1,505.63 executed by Burnett and Pickering. Exhibit No. 2 was the guaranty agreement executed by Pickering. Exhibit No. 3 was the note executed by Goldsmith upon which the guaranty agreement was made. There is no merit to appellant's contention that Exhibit 2 was never introduced in evidence. The record reveals that it was marked as an exhibit, used and referred to by attorneys for appellant and was considered by the court in rendering final judgment.

■ Since there was no verified plea of *non est factum* as required by Rule 93, T. R.C.P., the three instruments were properly admitted into evidence. Willingham v. Humble Oil & Refining Co., 202 S.W.2d 955 (Tex.Civ.App., Galveston 1947) and Harvey v. Bain, 168 S.W.2d 234 (Tex. Com.App.1943).

We have carefully examined appellant's points of error. They do not reflect reversible error and are overruled.

The judgments of the trial court are affirmed.