**George Oliver KISSINGER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 47529, 47530.**

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

C. M. Henkel, III, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Charles C. Cate, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction in Cause No. 47,529 is for knowingly passing a forged instrument; the punishment, five years' imprisonment. The conviction in Cause No. 46,530 is for felony theft by bailee; the punishment, seven years' imprisonment.

In each case the appellant waived a jury trial, waived the appearance, confrontation and cross-examination of witnesses, and waived his constitutional right against self-incrimination. He entered a plea of guilty, making a judicial confession of his guilt.

Two grounds of error have been raised on appeal. They are: That there was a failure to read the indictment to the appellant or to secure a waiver of the reading of the indictment to him, and that there is not sufficient evidence to support the conviction on the plea of guilty.

The appellant argues that the record affirmatively shows that the indictment was not read to the appellant and that he did not waive the reading of the indictment. He bases these assertions on the fact that a transcription of the court

reporter's notes does not reflect that the indictment was read to the appellant or that he waived the reading of the indictment. We cannot agree with this argument. The transcription of the court reporter's notes also states:

"The State appearing by counsel and the defendant appearing by counsel and in person announced ready for trial; and all preliminary matters having been disposed of, and proceedings had, the following facts were adduced in evidence."

At the time of trial there was no objection regarding the failure to read the indictment or to secure the appellant's waiver of reading of the indictment. The judgment in each case recites that the appellant ". . . was arraigned and waived formal reading of the indictment, and in open court, pleaded nolo contendere to the charge contained in the indictment."

Art. 44.24, Vernon's Ann.C.C.P., in pertinent part provides:

"The court shall presume that the defendant was arraigned; that he pleaded to the indictment . . . [and] unless such matters are made an issue in the court below, or it otherwise affirmatively appears to the contrary from the record."

Clardy v. State, 436 S.W.2d 535 (Tex. Cr.App.1968) and Boening v. State, 422 S. W.2d 469 (Tex.Cr.App.1967), cited by appellant, do not support his position. We perceive no error.

■ The appellant's argument that the evidence does not support the conviction on the pleas of guilty is based upon the fact that the transcription of the court reporter's notes does not show that the Court formally stated that he *admitted* the written judicial confessions which were offered in evidence by the State. Although the Court may not have stated specifically that the judicial confessions offered were

admitted, the record shows the Court stated:

"On your plea of no contest, the *evidence offered,* I find you guilty of the offense of passing a forged instrument in Cause No. 18011 . . ." (Emphasis added.)

and

"On your plea of no contest, the *evidence offered* in Cause No. 183145, I find you guilty of the offense of felony theft . . ." (Emphasis added.)

The record indicates that the Court and the parties treated the exhibits as having been admitted. They were considered by the trial court in rendering judgment. Despite the fact the Court may not have formally stated "admitted," the exhibits were in evidence and were properly considered by the trial court. They are in the record and support the judgment. See Richardson v. State, 475 S.W.2d 932 (Tex.Cr.App. 1972); Harden v. State, 417 S.W.2d 170 (Tex.Cr.App.1967); Pickering v. First Greenville National Bank, 479 S.W.2d 76 (Tex.Civ.App.1972); Guetersloh v. C.I.T. Corporation, 451 S.W.2d 759 (Tex.Civ. App.1970, err. ref. n. r. e.); McGary v. First Bancredit Corporation, 273 S.W.2d 905 (Tex.Civ.App.1954, err. ref. n. r. e.); Dickey v. State, Wyo., 444 P.2d 373 (1968); Dodson v. Gruener, 28 Cal.App.2d 418, 82 P.2d 741 (1958).

The judgments are affirmed.

Opinion approved by the Court.

ONION, Presiding Judge (concurring).

I concur in the result reached. In connection with appellant's contention that the record does not reflect sufficient evidence to support his guilty pleas since the trial court did not formally announce it was admitting into evidence the stipulations including his judicial confessions, I call attention to the following portion of the transcription of the court reporter's notes

following the State's offer of the stipulations into evidence:

"THE COURT: Counsel, do you agree with the stipulations offered in all three of these cases?[1]

"MR. HENKEL (defense counsel): Yes, Your Honor.

"THE COURT: Do you also, Mr. Kissinger?

"THE DEFENDANT: Yes, sir."

Thereafter, the defense counsel announced he had no evidence to offer.

If the trial judge had formally announced that stipulations were being admitted into evidence, all question would have been removed. However, since the stipulations were the only evidence offered, and the court, the State and the appellant treated the same as being admitted and the court subsequently stated in open court his judgments were based on the "evidence offered" to which there was no objection, I cannot conclude that absence of a formal admission under the circumstances of the instant case calls for reversal.

---

1. The two guilty pleas were heard together and at the same time as the revocation of probation discussed in Kissinger v. State, 501 S. W.2d 80 (delivered November 14, 1973).