**George Oliver KISSINGER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 47528.

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

———◆———

C. M. Henkel, III, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Charles C. Cate, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

On April 14, 1972, after a plea of guilty the appellant was found guilty of the offense of forgery; punishment of seven years' imprisonment was assessed and the appellant was placed on probation. On December 15, 1972, an order revoking probation was entered and the appellant was sentenced.

On the hearing to revoke probation the appellant entered into a written stipulation that he had violated the terms of probation by committing the offense of (1) passing a forged instrument, (2) changing his place of residence without reporting to his probation officer, (3) failing to report to his probation officer, and (4) failing to make restitution payments to the probation de-

---

partment for a supervisory fee which had been assessed.

The sole contention on appeal is that the written stipulation was not admitted into evidence and there is no support in the record for the order revoking probation.

The appellant's argument here is similar to his argument in two other cases decided this day by this Court. See Kissinger v. State, 501 S.W.2d 78 (1973). Here, as in the other cases, the transcription of the court reporter's notes does not show that the Court formally stated that he admitted the judicial confession which was offered in evidence by the State. The record, however, shows the Court stated:

"Motion to revoke your Probation, upon the evidence is granted in Cause Number 165528, sentence of seven years will begin."

The record indicates that the Court and the parties treated the exhibits as having been admitted. They were considered by the trial court in rendering judgment. Despite the fact the Court may not have formally stated "admitted," the exhibits were in evidence and were properly considered by the trial court. They are in the record and support the judgment. Kissinger v. State, supra, and cases cited therein.

The judgment is affirmed.

Opinion approved by the Court.