**Henry Kenneth KILLION, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 47837, 47838.**

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Paul R. Lawrence and Mark Vela, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Stanley Topek, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction in Cause No. 47,837 is for felony theft and in Cause No. 47,838 is for burglary with intent to commit theft. The punishment in each case is five years' imprisonment.

The appellant entered a plea of guilty before the Court in each case. He first contends that the record does not contain sufficient evidence to support the convictions as required by Article 1.15, Vernon's Ann.C.C.P.

■ The record in each case contains a written stipulation sworn to by the appellant before a deputy district clerk in which the appellant fully acknowledged his guilt

of each of the offenses charged. We are at a complete loss to understand why these written stipulations, approved by appellant's counsel and the Court and bearing file marks, were neither formally introduced nor read in evidence, but the record indicates that the Court and the parties treated the stipulations as having been admitted into evidence. We quote from the record:

"THE COURT: All right.

This is the same where the stipulation was taking property that belonged to Johnny Hale without his consent. Is that correct in this one, 170,396, I believe it is? Is that your stipulation in 170,396 that you did take personal property belonging to Johnny Hale from his possession with intent to deprive him of the same of over the value of $50? Is that correct?

"THE DEFENDANT: Yes.

"THE COURT: You plead guilty to that?

"THE DEFENDANT: Yes."
and

"THE COURT: Your plea of guilty will be received to the Indictment.

You made a stipulation here in this that on or about the 21st day of October you broke into a house controlled by Johnny Hale with intent to take or fraudulently take personal property therefrom without his consent from his possession with intent to deprive him of the value of it and to appropriate it to your own use. Is that what you did?

"THE DEFENDANT: Yes, sir.

"THE COURT: This is the offense of burglary. You signed this stipulation. That is your signature?

"THE DEFENDANT: Yes.

"THE COURT: You signed it freely and voluntarily?

"THE DEFENDANT: Yes.

"THE COURT: You don't want to take it back now, do you?

"THE DEFENDANT: No."

It appears that the trial court was referring to the written stipulations which were approved and filed. The appellant did not object when the trial court treated the written stipulations as if they had been admitted into evidence. Therefore, they may be considered in support of the judgment as if they had been formally admitted. See Kissinger v. State, 501 S.W.2d 78 (Tex.Cr.App.1973); Richardson v. State, 475 S.W.2d 932 (Tex.Cr.App.1972); Harden v. State, 417 S.W.2d 170 (Tex.Cr. App.1967); Erwin v. State, 171 Tex.Cr.R. 323, 350 S.W.2d 199 (1961); Pickering v. First Greenville National Bank, 479 S.W. 2d 76 (Tex.Civ.App.1972); Guetersloh v. C. I. T. Corporation, 451 S.W.2d 759 (Tex. Civ.App.1970, err. ref. n. r. e.); McGary v. First Bancredit Corporation, 273 S.W.2d 905 (Tex.Civ.App.1954, err. ref. n. r. e.); Dickey v. State, Wyo., 444 P.2d 373 (1968); Dodson v. Greuner, 28 Cal.App.2d 418, 82 P.2d 741 (1958).

■ We find the evidence is sufficient to meet the requirements of Article 1.15, V.A.C.C.P. and to support the plea of guilty.

■ The appellant's remaining ground of error urges that a district court may only be created by legislative enactment and that the administrative appointment of the judge who heard these cases was void, rendering the appellant's conviction void. We adhere to our holding in Reed v. State, 500 S.W.2d 137 (Tex.Cr.App.1973) where the same contention was considered and rejected.

The judgments are affirmed.

Opinion approved by the Court.