James Henry **KESSLER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48922.

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

The indictment alleged that prior to December 27, 1970, the alleged date of the commission of the primary offense, the appellant had been, on May 28, 1965, in Cause No. 115,001 in the Criminal District Court No. Five, of Harris County, convicted for the felony offense of theft, and that, after the conviction in Cause No. 115,001 had become final committed the offense of burglary with intent to commit theft and was convicted for that offense on November 20, 1969, in Cause No. 142,334,· in the 178th District Court, of Harris County.

It has been the consistent holding of this Court that to invoke the provisions of Art. 63, Vernon's Ann.P.C., it must be shown that each succeeding offense alleged for enhancement was both committed and a conviction obtained subsequent to the prior alleged offense. The indictment must so allege and the averments of the indictment must be supported by proof. See e. g., Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W. 2d 697 (1959); and Hutchinson v. State, 481 S.W.2d 881 (Tex.Cr.App.1972).

Since the statute of limitations for the offense of burglary with intent to commit theft is five years and that time had not elapsed between the time of the conviction in Cause No. 115,001 and the return and filing of the indictment in Cause No. 142,334, it was necessary for the State to prove the date of the commission of the offense in Cause No. 142,334. Rogers v. State, supra, and Hutchinson v. State, supra.

To prove the date of the commission of the offense in Cause No. 142,334, the State called as a witness a Deputy District Clerk of Harris County. He identified State's Exhibit No. 5, which was marked for identification, as a waiver of trial by jury and the appellant's stipulation of evidence in Cause No. 142,334. The Clerk read the stipulation into the record and it recited that the appellant committed the offense alleged in Cause No. 142,334 on the 15th

---

Will Gray, on appeal only, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Jim Ezer, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for burglary with intent to commit theft; the punishment enhanced under the provisions of Art. 63, V. A.P.C. by proof of conviction of two prior non-capital felonies was imprisonment for life. The single ground of error is that "[t]he State failed to prove that the offense alleged in Cause No. 142,334 was committed after the conviction in Cause No. 115,001 had become final."

day of January, 1968. State's Exhibit No. 5 was not offered or admitted in evidence and is not in the record before us.

The appellant's objection at the time of trial, made before the stipulation was read, was that he objected "again to him testifying from his documents until they are offered into evidence." This objection was overruled. The objection made was tantamount to objecting on the ground that the document was the best evidence of its contents. The State· was attempting to prove the contents of the document and the objection should have been sustained. See Overton v. State, 490 S.W.2d 556 (Tex.Cr.App.1973); Fletcher v. State, 437 S.W.2d 849 (Tex.Cr.App.1968); Woods v. Hardware Mutual Casualty Co., 141 S.W.2d 972 (Tex.Civ.App.1940, writ ref'd); McCormick and Ray, Texas Law of Evidence, § 1561, et seq. The appellant in this case did not waive his objection as was done in Kissinger v. State, 501 S.W.2d 80 (Tex.Cr.App.1973), where no objection was made and the parties and the court treated the exhibits as having been admitted into evidence. Since there is no admissible evidence in the record to show the date of the commission of the offense in Cause No. 142,334, the conviction cannot be sustained under the provision of Art. 63, V.A.P.C. The proof is, however, sufficient to show that the appellant had been convicted of a prior offense of the same nature and the conviction may be sustained under the provisions of Art. 62, V.A.P.C. The punishment provided by law for the primary offense enhanced under the provisions of Art. 62, V.A.P.C. is twelve years' imprisonment.

The judgment and sentence are therefore reformed to provide for the appellant's confinement in the Texas Department of Corrections for a period of twelve years. See Lee v. State, 400 S.W.2d 909 (Tex.Cr. App.1966); and Hutchinson v. State, supra.

The judgment, as reformed, is affirmed.

Opinion approved by the Court.