Bruce JAMES, Jr., Appellant,

v.

STATE of Texas, Appellee.

No. A14–81–337CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 1, 1982.

James Glass, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

PRICE, Justice.

By this appeal, appellant challenges his conviction of two counts of aggravated robbery on a plea of guilty to the court, for which he received sentences of eight years in the Texas Department of Corrections. The sole ground of error alleges that there is no evidence to support a conviction based on appellant's guilty plea because the trial court did not formally admit appellant's sworn stipulation and judicial confession into evidence. We affirm. 640 S.W.2d 910.

The record reveals that appellant executed a written judicial confession and waiver of rights which was approved by the trial judge and filed with the papers in the case. At trial appellant entered a guilty plea, which the trial court accepted after determining its voluntariness. Appellant in open court specifically stated he was pleading guilty to both counts of the indictment because he was, in fact, guilty and for no other reason. Thereafter, the following occurred.

MR. HENDERSON: The state at this time will offer the stipulation of evidence, signed and executed by the defendant freely and voluntarily with the aid and assistance of his attorney. If there are no objections, the state will rest.

MR. GLASS: We have no objections.

THE COURT: Mr. James, do you agree with the facts stated in the stipulations?

THE DEFENDANT: Yes, sir.

THE COURT: Are they in fact true?

THE DEFENDANT: Yes, sir.

THE COURT: Is there evidence in defense of these facts you wish to offer, counsel?

**440**

MR. GLASS: We have nothing on the merits, Your Honor.

The appellant's attorney requested the court defer any further proceedings pending a pre-sentence investigation. At a subsequent hearing, the state reoffered the stipulation of evidence, again without objection and without a ruling that it be admitted into evidence. However, on both occasions the trial judge and both counsel treated the stipulation as admitted. *See, Killion v. State,* 503 S.W.2d 765 (Tex.Cr. App.1973).

 A guilty plea alone will not support a conviction in a bench trial without evidence showing the defendants' guilt. *Barrett v. State,* 547 S.W.2d 604 (Tex.Cr. App.1977); Tex.Code Crim.Pro.Ann. art. 1.15 (Vernon 1977). For two reasons, we believe there was sufficient evidence to support the conviction in this case. First, the parties and the trial court treated the *written* stipulation and judicial confession as though it had been formally admitted in evidence after being offered into evidence by the State. Appellant did not object when the trial court treated the written stipulations as if they had been formally admitted in evidence. Therefore, they may be considered in support of the judgment as if they had been formally admitted. *Killion v. State,* 503 S.W.2d 765 (Tex.Cr.App.1973). Secondly, appellant orally admitted in open court that he was guilty on both counts of the indictment and orally admitted the written stipulations were true. We believe this oral testimony of appellant in open court constitutes a judicial confession. It is well settled that a judicial confession, standing alone, is sufficient to sustain a conviction on a guilty plea. *Dinnery v. State,* 592 S.W.2d 343, 353 (Tex.Cr.App. 1979).

The judgment of the trial court is affirmed.