COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-12-00268-CR |
| Appellant, | § | Appeal from |
| v. | § | Criminal District Court No. 1 |
| ARMANDO PRIETO, JR., | § | of El Paso County, Texas |
| Appellee. | § | (TC # 20120D01012) |
|  | § |  |

## **O P I N I O N**

In its sole point of error, the State of Texas complains that the trial court abused its discretion by granting Armando Prieto, Jr.'s, motion to suppress evidence based on the legality of a traffic stop. For the reasons that follow, we affirm.

### **FACTUAL SUMMARY**

Following a traffic stop in February of 2012, El Paso Police Department Officer Jose Alvarez arrested Armando Prieto, Jr. for driving while intoxicated and possession of cocaine. According to Officer Alvarez, the basis for the traffic stop was Prieto's failure to use a turn signal before making an abrupt lane change that nearly caused a collision between Prieto's and Alvarez's vehicles. *See* TEX.TRANSP.CODE ANN. § 545.104(a)(West 2011). Once Officer Alvarez stopped Prieto and made contact with him, he observed what he considered to be signs that Prieto was intoxicated. After subjecting Prieto to various roadside sobriety tests, Officer

Alvarez placed him under arrest for driving while intoxicated. Incident to the arrest, Officer Alvarez searched Prieto's person and discovered what he believed to be illegal narcotics.

Officer Alvarez then booked Prieto into jail and administered a breath test, which showed Prieto to have a blood alcohol concentration of 0.011. In the arrest report however, Officer Alvarez mistakenly indicated that the test result was significantly higher: 0.11. According to Prieto, the State ultimately dropped the DWI charge. Regardless, the State does not rely on the DWI arrest as a justification for the search, but argues instead that Officer Alvarez had lawful authority to arrest Prieto for the turn signal violation.[1]

Prieto's motion to suppress challenged the lawfulness of both the traffic stop and his arrest. At the suppression hearing, the State called Officer Alvarez as its only witness and played a video he recorded during the stop. Both sides relied on the video during their examination of Alvarez, but it was not formally offered or admitted into evidence. The trial court granted Prieto's motion to suppress and entered findings of fact and conclusions of law. Among other things, the court found that Officer Alvarez's testimony lacked credibility, and that Prieto had no time to signal his lane change because Officer Alvarez was approaching him quickly from behind. The court concluded that Officer Alvarez had no legal basis to stop Prieto and no probable cause to arrest him, and it suppressed all evidence in the case.

Approximately three weeks later, another hearing was conducted during which the State formally offered the video into evidence. Prieto objected that the video had not been offered or admitted into evidence at the suppression hearing, and that it was unclear whether it was indeed the same video. The court sustained Prieto's objections.

---

[1] An otherwise valid search incident to arrest will be upheld as long as there was probable cause to arrest the defendant for some offense, even if it was not the actual reason the officer arrested the defendant. *State v. Morales*, 322 S.W.3d 297, 300 (Tex.App.--Dallas 2010, no pet.). *See also Williams v. State*, 726 S.W.2d 99, 100-01 (Tex.Crim.App. 1986)(holding proper a search of defendant's person because officer possessed probable cause to arrest defendant on previously observed parking violation).

2

**MOTION TO SUPPRESS**

The State's sole issue on appeal is whether the trial court abused its discretion by granting Prieto's motion to suppress. Its arguments are entirely dependent upon the video of the stop, which it urges constitutes conclusive and indisputable proof that Prieto committed a traffic violation that justified his arrest and search. Along these lines, the State maintains its brief that "if the only evidence of the appellee's traffic violation was the testimony of [Officer] Alvarez, then the State would not even have attempted to appeal the trial court's ruling." Nonetheless, the State does not challenge the trial court's decision not to admit the video, and the video is not in the appellate record.

**STANDARD OF REVIEW**

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review *de novo* application-of-law-to-fact questions that do not turn on credibility and demeanor, as well as wholly legal conclusions. *Guzman*, 955 S.W.2d at 89; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex.Crim.App. 2005); and *Johnson v. State*, 68 S.W.3d 644, 652-53 (Tex.Crim.App. 2002). The deferential standard of review set out in *Guzman* "also applies to a trial court's determination of historical facts when that determination is based on a videotape recording admitted into evidence at a suppression hearing." *Amador*, 221 S.W.3d at 673, *quoting Montanez v. State*, 195 S.W.3d 101, 109 (Tex.Crim.App. 2006).

## VIDEO NOT IN THE RECORD

An appellate court can assess only the evidence that is actually in the appellate record. *Amador*, 221 S.W.3d at 673, *citing Rowell v. State*, 66 S.W.3d 279, 282 (Tex.Crim.App. 2001). *Amador* concerned the inclusion of a police video in an appellate record. *Id*. at 670. Although the video was not formally introduced or accepted into evidence, the parties nonetheless relied on it during a motion to suppress hearing. *Id*. at 669, 676. When Amador appealed, the video was not included in the reporter's record. The State sought to supplement the record with the video, to which Amador objected on the basis that the trial court did not view the video in its entirety. *Id*. at 676. The appellate court agreed with Amador and did not permit supplementation. *Id.* at 668. It then proceeded to rule, however, by assuming that the video supported the trial court's determination in favor of reasonable suspicion. *Id*. The Court of Criminal Appeals held that the court erred by basing its decision on evidence that was not before it. *Id.* at 675. "[R]eviewing courts cannot 'assume' or speculate about the contents of exhibits or other materials that are not contained in the appellate record." *Id.*

The high court additionally held that the court of appeals was "mistaken" to deny the State's supplementation request. *Id.* at 677. Here, however, the State did not seek to supplement the appellate record with the video, despite the fact that it was plainly aware of its absence. Consistent with *Amador*, we cannot conduct appellate review of arguments based on evidence that is not within the appellate record. The State offers no argument that we can review the trial court's ruling without the video, and Prieto has not agreed to appellate review on stipulated facts. While Tex.R.App.P. 34.6(d) permits a court to direct the supplementation of a record on its own motion, we decline to do so here, where the video's absence was clearly known to the parties, both of whom elected nevertheless to proceed. *See State v. Schlemeyer*, No. 12-07-00067-CR,

4

2008 WL 2122539, at \*2 (Tex.App.--Tyler, May 21, 2008, no pet.)(mem. op.)(not designated for publication)(holding that *sua sponte* supplementation of record with police video "would frustrate the strategic choices made by the parties" where parties knew video was missing and chose to proceed anyway); and *Blanton v. State*, No. 12-07-00163-CR, 2008 WL 2514398 (Tex.App.--Tyler June 25, 2008, no pet.)(mem. op.)(not designated for publication)(holding same).

## NO CHALLENGE TO EXCLUSION OF VIDEO

The State cites several cases in which evidence not formally offered or admitted into evidence but nonetheless relied on and considered in the trial court was held to have been constructively admitted.[2] These cases are distinguishable. The State *did* formally offer the video into evidence and the trial court expressly refused to admit it. None of the State's cases address such circumstances. Further, the State does not present us with any authority suggesting that the trial court's refusal to admit the video was invalid or improper. In fact, the State presents no challenge of that ruling whatsoever. Accordingly, the validity of the trial court's refusal to admit the video for purposes of the suppression hearing is not before us. TEX.R.APP.P. 38.1(f).

The appealing party generally has the burden to present a record showing reversible error. *See Word v. State*, 206 S.W.3d 646, 651-52 (Tex.Crim.App. 2006). Because the State has elected to proceed without the video, we are unable to review the trial court's determinations. We overrule the sole point and affirm the judgment of the trial court.

---

[2] *See Cornish v. State*, 848 S.W.2d 144, 145 (Tex.Crim.App. 1993); *Heberling v. State*, 834 S.W.2d 350, 355-56 (Tex.Crim.App. 1992); *Killion v. State*, 503 S.W.2d 765, 766 (Tex.Crim.App. 1973); *Kissinger v. State*, 501 S.W.2d 78, 79 (Tex.Crim.App. 1973); and *Richardson v. State*, 475 S.W.2d 932, 933 (Tex.Crim.App. 1972).

May 30, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)