

IN THE
TENTH COURT OF APPEALS

No. 10-13-00412-CR

DYLYN REED RICHARDS,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the 40th District Court
Ellis County, Texas
Trial Court No. 37254CR

## MEMORANDUM OPINION

Dylyn Richards appeals from a conviction for intoxication manslaughter causing the death of a peace officer. TEX. PEN. CODE ANN. §§ 49.08(a)(2), 49.09(b-2) (West 2011). Richards complains that the judgment is erroneous because it references the incorrect section of the penal code, affirmatively states that no appeal had been filed, improperly awarded a specific amount of costs, and that the award of restitution had no factual basis in the record. Because we find that the judgment was erroneous because it contained the incorrect section of the penal code under which Richards was convicted, we modify the

judgment to reflect that Richards was convicted under sections 49.08(a)(2) and 49.09(b-2) of the penal code. As modified, we affirm the judgment of the trial court.

*Judgment Errors*

In his first three issues, Richards complains of errors in the judgment entered in this cause. In his first issue, Richards complains that the judgment entered is erroneous because it reflects that he was convicted pursuant to section 49.07 of the penal code. The State agrees that Richards was convicted pursuant to sections 49.08(a)(2) and 49.09(b-2) and does not oppose the modification to the judgment. We sustain issue one.

In his second issue, Richards complains that the judgment is erroneous in that it states that no notice of appeal had been filed. Richards was sentenced in open court on August 30, 2013; however, the judgment was not signed until September 10, 2013. Richards contends that a notice of appeal had been filed as of September 2, 2013. Our review of the record indicates that while an attorney was appointed to represent Richards in an appeal on September 4, 2013, no notice of appeal was actually filed until November 14, 2013.[1] Because the record does not demonstrate that the judgment was incorrect on the date it was signed by the trial court, we overrule issue two.

In his third issue, Richards complains that the judgment was erroneous because there was insufficient evidence to support the specific amount of court costs because there

---

[1] A motion for new trial was timely filed on September 27, 2013, which extended the deadline for filing the notice of appeal. TEX. R. APP. P. 26.2(a)(2).

was no bill of costs. A bill of costs has subsequently been prepared and included in a supplemental clerk's record setting forth the specific amount of costs to be paid by Richards. The Court of Criminal Appeals has held that this is an appropriate procedure and that once the bill of costs has been prepared, the specific amount can be challenged by the methods set forth in the code of criminal procedure. *See Johnson v. State*, 423 S.W.3d 385, 396 (Tex. Crim. App. 2014); *see also* TEX. CODE CRIM. PROC. art. 103.008 (West 2006). Richards does not further complain that any specific item of costs is erroneous in this appeal. Because there is now a bill of costs in the record that corresponds with the amount of court costs awarded, we overrule issue three.

### *Restitution*

In his fourth issue, Richards complains that there was not a factual basis to support the assessment of restitution. We review challenges to restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980); *Drilling v. State*, 134 S.W.3d 468, 469 (Tex. App.—Waco 2004, no pet.). An abuse of discretion by the trial court in setting the amount of restitution will implicate due process considerations. *Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999). Due process places three separate limits on the restitution a trial court may order: (1) the amount must be just and supported by a factual basis within the record, (2) the restitution ordered must be only for the offense for which the defendant is criminally responsible,

and (3) the restitution must be for the victim or victims of the offense for which the offender is charged. *See Campbell*, 5 S.W.3d at 696-97; *Drilling*, 134 S.W.3d at 470.

There must be sufficient evidence in the record to support the trial court's order. *Cartwright*, 605 S.W.2d at 289. The standard of proof for determining restitution is a preponderance of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(k). The burden of proving the amount of loss sustained by the victim is on the prosecuting attorney. *Id*.

In our consideration of whether the restitution order was proper, we note that no complaint to the trial court is required to preserve error for challenges to the sufficiency of the evidence; however, challenges to the propriety of trial court rulings must be preserved for appeal. *See Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002). In other words, while complaints as to the "factual basis" of a trial court's order may be raised for the first time on appeal, complaints as to the "appropriateness" of that order must be preserved in the trial court. *See id.*

The jury determined the sentence to be imposed on Richards. After the jury was discharged but prior to the trial court formally sentencing Richards, the State asked the trial court to be heard on the issue of restitution. The State presented the trial court with a letter from the Texas Municipal League Intergovernmental Risk Pool which set forth the amount of restitution they were seeking to reimburse them for costs paid for the vehicle and due to the victim's death. The State also stated the specific amount owed to

the compensation to victims of crime fund. The trial court took the documents into his chambers to review. The trial court then assessed the entire amount requested from the Texas Municipal League and the amount owed to the compensation to victims of crime fund as restitution. Richards did not object at any time to this procedure.

Where the trial court and the parties, without objection, treat certain proof as if it had been admitted in evidence, it is not error for the trial court to consider the same in reaching its verdict. *See Ex parte Reagan*, 549 S.W.2d 204, 205 (Tex. Crim. App. 1977) (affirming where court and parties treated governor's warrant in habeas corpus hearing as if admitted into evidence); *Killion v. State*, 503 S.W.2d 765, 765-66 (Tex. Crim. App. 1973) (reviewing court permitted to consider defendant's stipulations to charged offenses where considered by trial court in adjudicating guilt for theft and burglary, although written stipulations not formally admitted into evidence); *Richardson v. State*, 475 S.W.2d 932, 932-33 (Tex. Crim. App. 1972) (finding that record showed court admitted exhibits to support adjudication of guilt for burglary even though court did not specifically state that exhibits were admitted into evidence). If Richards wanted to object to the amounts as they were presented to the trial court, he was required to make a specific and timely objection to the trial judge and to get a ruling from the trial court on the complaint. TEX. R. APP. P. 33.1(a)(1)(A). Because he did not object to the trial court, Richards did not preserve for appellate review his argument that the trial court did not conduct a formal hearing or properly receive evidence. TEX. R. APP. P. 33.1(a).

We must next determine whether a factual basis exists for the order of restitution. The amounts set forth in the letter from the Texas Municipal League and the amount owed to the compensation to victims of crime fund as stated by the State comprise the amount ordered as restitution. Therefore, we find that there was a factual basis for the award in the record. We overrule issue four.

*Conclusion*

Because we find that the judgment should be modified to reflect the correct sections of the penal code under which Richards was convicted, we modify the judgment of conviction to state that Richards was convicted pursuant to sections 49.08(a)(2) and 49.09(b-1) of the penal code. Having found no other reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Davis, and
 Justice Scoggins
Modified, and affirmed as modified
Opinion delivered and filed April 9, 2015
Do not publish
[CRPM]

