# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00041-CR

---

**Kenny Dwain Alexander, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 119TH DISTRICT COURT OF TOM GREEN COUNTY
### NO. B-21-0737-SB, THE HONORABLE BEN WOODWARD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

The trial court convicted Kenny Dwain Alexander of the third-degree felony offense of driving while intoxicated (DWI) third or more. *See* Tex. Penal Code §§ 49.04(a), .09(b). In his sole appellate issue, Alexander argues that the evidence is insufficient to substantiate his guilty plea and the trial court's judgment of conviction based on his guilty plea. Because we conclude that the evidence is sufficient, we affirm the judgment of conviction.

## BACKGROUND

Following a traffic stop that occurred in the early morning hours of June 12, 2021, Alexander was charged with the third-degree felony offense of DWI with two previous DWI convictions—one in January 2006 and one in June 2007. The indictment included an enhancement paragraph alleging that Alexander had been convicted of the felony offense of burglary of a building in February 1994.

The bench trial occurred on October 27, 2022. On that day, Alexander signed admonishments, waivers, and a Waiver and Stipulation of Evidence (the Stipulation). In the Stipulation, Alexander judicially confessed to the facts alleged in the indictment and agreed and stipulated that the facts were "true and correct and constitute evidence in this case," including that he operated a motor vehicle in a public place in Tom Green County while he was intoxicated; that he had been convicted of offenses relating to the operation of a motor vehicle while intoxicated in January 2006 and June 2007; that he had been convicted of the felony offense of burglary of a building in February 1994; and that he was "the identical person named in the indictment in the above styled and numbered cause and that all the facts and allegations insofar as stated above are true and correct." In addition to Alexander's signature, the trial court, defense counsel, and the prosecutor approved and signed the Stipulation.

At the beginning of the plea colloquy, the trial court questioned Alexander about his understanding of the indictment and the "five-page package" that described his rights and confirmed that Alexander understood the documents and waived a jury trial. The trial court then asked Alexander how he pleaded to the charged offense and enhancement paragraph in the indictment, and Alexander entered an open plea of guilty and pleaded true to the enhancement paragraph. After additional questions to Alexander to confirm his understanding, the trial court accepted Alexander's plea and addressed the admission of the Stipulation:

> The Court: All right. I'm going to accept your plea as given freely and voluntarily. There is no recommendation, but I do have a Waiver and Stipulation of the Evidence. This document is basically your statement that you committed the crime and that you've got a prior felony conviction. You have the right to remain silent and not say anything. You have the right to confront witnesses concerning these allegations, and you have the right to present evidence on your own behalf, which I'm going to allow you to do in punishment. But as far as the

2

crime itself is concerned, it won't be necessary if I admit this into evidence. You understand that you waived the rights that I just described when you signed this?

Alexander:    Yes, Your Honor.

The Court:    Okay. Does the State offer the stipulation?

Prosecutor:    State offers, Your Honor.

Defense Counsel:    And no objection, Judge. And, Judge, if I may, I would like to put on the record, without going into the details, though, but there was a plea offer made on this case. I have discussed it thoroughly with Mr. Alexander and he declined the plea offer. And we discussed it as much—or as recently as yesterday afternoon, and several times this week and the last few weeks. And so he wants to go forward with an open plea, and I explained to him the entire range.

The Court:    Okay. Thank you. Is that correct, Mr. Alexander?

Alexander:    Yes. Your Honor.

After the trial court confirmed with Alexander that he had declined the plea offer, the trial court then proceeded to hear the evidence on punishment.

The State's evidence included exhibits of Alexander's prior judgments and associated documents of conviction and testimony from the officer who conducted the traffic stop on Alexander's vehicle in this case. The officer testified that he initiated the traffic stop because Alexander was speeding, driving eighty-seven miles per hour in a sixty-five miles per hour speed zone. The officer smelled "the odor of alcohol emitting from the vehicle" and observed that Alexander's "body movements were slow and sluggish," that his speech was slurred, and that he dropped his phone when he stepped out of the vehicle.[1] The officer testified that Alexander admitted to having "a couple" of drinks "earlier." The officer performed field sobriety tests on Alexander and "clues" from those tests indicated that Alexander was

---

[1] The officer explained that dropping a phone is "another common indicator of someone who is intoxicated and has lost their dexterity in their hands."

3

intoxicated. Based on his observations and the field sobriety tests, the officer arrested Alexander for DWI.

The defense witnesses were Alexander, his sisters, and a community supervision officer, who testified about Alexander's probation records concerning one of his prior felony convictions. Alexander testified that after the traffic stop, he had not been drinking or driving and asked the trial court to give him probation. He also testified about his actions when he previously had been on probation and what he had been doing leading up to the traffic stop and admitted that "[i]t was a mistake" to drive after he had been drinking. Alexander's older sister testified about her interaction with Alexander at the scene of the traffic stop and his conduct when he was on probation. She testified that when she picked up his vehicle from the scene, she did not think that Alexander was intoxicated but that she was aware that Alexander had prior DWIs and a prior criminal conviction. Alexander's other sister testified about Alexander's current circumstances, including that he was the primary caretaker of their parents, who had significant health issues.

After hearing the evidence on punishment and closing arguments, the trial judge explained his reasons to Alexander for "what I have to do," including that "I've heard the testimony. I've weighed it. I've reviewed the file, the records that were admitted into evidence." The trial judge then found Alexander guilty of DWI third or more and the enhancement paragraph true and sentenced him to eleven years' confinement. *See* Tex. Penal Code §§ 12.33 (setting punishment range for second-degree felony), .42(a) (enhancing punishment range in trial of third-degree felony when defendant has been previously convicted of felony other than state jail felony). Alexander filed a motion for new trial, which was overruled by operation of law, and this appeal followed.

4

## ANALYSIS

In his sole appellate issue, Alexander argues that the evidence was insufficient to substantiate his guilty plea and the trial court's judgment of conviction based on his guilty plea.

When a defendant enters an open plea of guilty in a non-capital felony case, it remains necessary for the State,

> to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

Tex. Code Crim. Proc. art. 1.15; *see Menefee v. State*, 287 S.W.3d 9, 13, 18 (Tex. Crim. App. 2009) (stating that when defendant enters guilty plea, State is required to provide independent evidence to substantiate defendant's guilt). A written stipulation of the evidence that covers the charged offense's elements satisfies this statutory requirement and is sufficient to support a guilty plea and the trial court's judgment based on the guilty plea. *See* Tex. Code Crim. Proc. art. 1.15; *Menefee*, 287 S.W.3d at 13.

Alexander does not contend that the Stipulation did not cover the charged offense's elements to satisfy article 1.15 but rather that it may not be considered to substantiate his guilty plea and the judgment of conviction because the trial court did not admit it into evidence at trial. The Stipulation was filed in the clerk's record, but it was not formally admitted at trial and does not appear as an exhibit in the reporter's record. Alexander argues that

5

documents in the clerk's record are not evidence unless the trial court takes judicial notice of them or they are offered into evidence, that the trial court did not take judicial notice of the case's file or record, and that the Stipulation "was not referred to or mentioned again" after the prosecutor offered it and Alexander's counsel responded that he did not object. In support of this argument, Alexander relies on *Chindaphone v. State*, 241 S.W.3d 217, 219–20 (Tex. App.—Fort Worth 2007, pet. ref'd). In that case, our sister court stated that "when the trial court takes judicial notice of a judicial confession, the State is not required to introduce the judicial confession into evidence" and cited *McDougal v. State*, 105 S.W.3d 119, 120–121 (Tex. App.—Fort Worth 2003, pet. ref'd) (recognizing that "'[t]he contents of the clerk's record are not evidence unless the trial court takes judicial notice of them or they are offered into evidence'").[2]

The Texas Court of Criminal Appeals, however, has held that "[a]n appellate court may consider evidence that was not formally admitted if it is treated as admitted by the trial court." *Ex parte Napper*, 322 S.W.3d 202, 208 n.5 (Tex. Crim. App. 2010) (citing *Kissinger v. State*, 501 S.W.2d 78, 79 (Tex. Crim. App. 1973); *Richardson v. State*, 475 S.W.2d 932, 933 (Tex. Crim. App. 1972)). In *Kissinger*, the Texas Court of Criminal Appeals considered the

---

[2] To the extent that Alexander relies on the statement in *McDougal v. State* that the contents of the clerk's record are not evidence, we observe that this statement was dicta and that the facts that were before our sister court are distinguishable from those that are before us. *See McDougal v. State*, 105 S.W.3d 119, 120–121 (Tex. App.—Fort Worth 2003, pet. ref'd). In that case, the defendant had signed a judicial confession and waived the making of a reporter's record but then challenged the sufficiency of the evidence to support his guilty plea, arguing that the judicial confession form was not itself sufficient and that without a reporter's record, there was nothing to show that his judicial confession was offered or admitted into evidence. *Id.* at 120. In affirming the trial court's judgment, our sister court explained that "[a] criminal defendant may not waive the making of a record and then, on appeal, rely on the absence of evidence to support reversal of his conviction" and that "an appellant in a criminal case must bring forth a complete record of the evidence before the factfinder and bears the burden of demonstrating that the State failed to satisfy the evidentiary requirements of article 1.15." *Id.* at 121. In contrast with the lack of a record before our sister court, we have a reporter's record that shows that the trial court and the parties treated the judicial confession as having been admitted without objection.

6

defendant's written judicial confessions even though the reporter's record did not show that the trial court "formally stated that he *admitted* the written judicial confessions which were offered by the State." 501 S.W.2d at 79. The court explained that "[t]he record indicates that the Court and the parties treated the exhibits as having been admitted" and, in that context, that the judicial confessions were properly considered by the trial court. *Id.*

In an analogous situation, the Texas Court of Criminal Appeals similarly determined that stipulations that were not admitted into evidence but filed in the record "may be considered in support of the judgment as if they had been formally admitted." *Killion v. State*, 503 S.W.2d 765, 766 (Tex. Crim. App. 1973). The court observed that the "record indicates that the Court and the parties treated the stipulations as having been admitted into evidence" and then considered the stipulations to hold that the evidence was sufficient to meet the requirements of article 1.15 and to support the guilty plea. *Id.*; *see Rexford v. State*, 818 S.W.2d 494, 495–96 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd) (collecting cases holding that stipulations of guilt were sufficient to support judgments of conviction even though they were not formally admitted into evidence).

Informed by these decisions, we conclude that the record in this case shows that the trial court and the parties treated the Stipulation, which was filed in the clerk's record, as if it had been admitted into the evidence and that the trial court considered it when finding that the evidence supporting Alexander's guilty plea was sufficient. The Stipulation was signed by Alexander and signed and approved by his counsel, the prosecutor, and the trial court on the same day as the trial. And when the prosecutor offered the Stipulation, defense counsel responded, "And no objection, Judge." That the trial court did not orally state "admitted" after defense counsel stated that she did not object is understandable because defense counsel

7

immediately turned the trial court's attention to counsel's desire "to put on the record" that "there was a plea offer made on this case." In response to defense counsel's request, the trial court proceeded to confirm with Alexander that he had declined the plea offer.

We also observe that on the criminal plea worksheet in the clerk's record, there are handwritten check marks in the boxes of the section addressing the Stipulation, including the box "Admit the Stipulation," and that before finding Alexander guilty of the charged offense and pronouncing the sentence, the trial judge explained his reasons for "what I have to do," including that "I've reviewed the file, the records that were admitted into evidence." At that point or at any other point during trial, defense counsel did not object to the trial court's consideration of the Stipulation, which was in the trial court's file.

On this record, we conclude that the trial court and the parties treated the Stipulation as admitted into evidence and, thus, that it may be considered to substantiate Alexander's guilty plea and the judgment of conviction based on that plea. *See Killion*, 503 S.W.2d at 766; *Kissinger*, 501 S.W.2d at 79. Considering the Stipulation, we conclude that the evidence was sufficient to substantiate Alexander's guilty plea and the trial court's judgment of conviction.[3] *See* Tex. Code Crim. Proc. art. 1.15; *Menefee*, 287 S.W.3d at 13.

---

[3] In his appellate issue, Alexander also argues that because the Stipulation cannot be considered, the evidence on punishment was insufficient because "that evidence did not embrace every essential element of the charged offense." For example, Alexander contends that the officer did not testify that the traffic stop occurred in Tom Green County. Because we have concluded that the Stipulation may be considered to support Alexander's guilty plea and the trial court's judgment of conviction based on that plea, we do not further address this argument. *See* Tex. R. App. P. 47.1, .4.

## CONCLUSION

For these reasons, we overrule Alexander's sole appellate issue and affirm the trial court's judgment of conviction.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Affirmed

Filed:   February 22, 2024

Do Not Publish