William Dean CRUTCHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–97–00057–CR.

Court of Appeals of Texas,
Texarkana.

Submitted May 11, 1998.

Decided May 12, 1998.

Winston E. Cochran, Jr., Houston, for appellant.

S. Elaine Roch, Asst. Dist. Atty., Houston, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

William Crutcher appeals from his conviction in a jury trial for the offense of aggravated robbery. The indictment alleged that he caused serious bodily injury to the victim by striking him with a flashlight or, alternatively, with an unknown object. The jury made an affirmative finding that he used a deadly weapon and made a finding of true to one enhancement paragraph. The court assessed punishment at thirty years' imprisonment.

Crutcher contends that the evidence is factually and legally insufficient to support the conviction and the finding that he used a deadly weapon. He also argues that the court erred by admitting evidence from a pretrial lineup and photographic identification.

The evidence shows that two men broke into the victim's apartment late at night, beat him severely, and robbed him. As a result of the beating, the sixty-four-year-old victim lost vision in one eye. The victim identified

Crutcher at an out-of-court lineup and at trial as a participant in the robbery.

Iń our review of the legal sufficiency of the evidence, we employ the standards set forth in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979), and *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim. App.1991), and look to see whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

In our review of the factual sufficiency of the evidence, we view all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Jones v. State,* 944 S.W.2d 642, 647 (Tex.Crim.App. 1996); *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996). Examples of such a wrong and unjust verdict include instances in which the jury's finding is manifestly unjust, shocks the conscience, or clearly demonstrates bias. *Clewis,* 922 S.W.2d at 135. If we find factual insufficiency, we vacate the conviction and remand for a new trial. *Jones,* 944 S.W.2d at 647; *Clewis,* 922 S.W.2d at 133–35.

In determining the sufficiency of the evidence, this Court must consider all the evidence, whether properly or improperly admitted. *Johnson v. State,* 871 S.W.2d 183, 186 (Tex.Crim.App.1993); *Beltran v. State,* 728 S.W.2d 382, 389 (Tex.Crim.App.1987). Evidence as to the identity of a perpetrator of an offense can be proved by either direct or circumstantial evidence. *Earls v. State,* 707 S.W.2d 82, 85 (Tex.Crim.App.1986).

Conflicts in the evidence are to be resolved by the jury. It may accept one version of facts and reject another or reject any of a witness' testimony. *Penagraph v. State,* 623 S.W.2d 341, 343 (Tex.Crim.App. [Panel Op.] 1981). It is the jury's job to judge the credibility of the witnesses and the weight to be given their testimony, and it may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit. *Banks v. State,* 510 S.W.2d 592, 595 (Tex.Crim.App.1974).

Crutcher contends that the evidence is insufficient for the jury to find that he either personally or as a party used a deadly weapon in the commission of this crime. Based upon this alleged failure of proof, he contends that the evidence is insufficient to find him guilty of aggravated robbery and that it is insufficient to support the jury's affirmative finding of the use of a deadly weapon.

The victim testified that he answered his door late at night and was attacked by two men, one of whom he identified as Crutcher. He testified that man held his arms while the other beat him and that he did not know then whether they had anything in their hands. The victim freed himself for a moment, and both of the attackers began hitting him. They knocked him down, kicked him, and eventually attempted to smother him. When asked whether the attackers were using anything to hit him, he answered that they were using a flashlight. As a result of the beating, the victim's nose was broken, the side of his face was so lacerated that bone protruded, and his left eye was so badly damaged that he is now blind in that eye.

He testified that he knew he was hit with a flashlight, but he also stated that, "I'm not real sure just what all they hit me with." The evidence further shows that Crutcher went into the victim's bedroom in search of cash and that he yelled to the other attacker to cut off the victim's fingers if he had to, but to be sure that he got the victim's rings.

■ We first address Crutcher's contention that this evidence is insufficient to convict him of the offense. TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 1994) provides that a person is criminally responsible for the conduct of another if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. . . ." There is no question that Crutcher assisted in the robbery and the beating and that he ordered the other attacker to take specific actions during the course of the robbery. Even if we presume that he did not personally beat the victim with the flashlight or some other weapon, he is criminally responsible for his accomplice's use of that weapon. The evidence is thus both le-

gally and factually sufficient to support the jury's verdict.

■ Crutcher next contends that the evidence is insufficient to support the jury's affirmative finding of the use of a deadly weapon. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp.1998) provides:

[On an affirmative finding] that a deadly weapon ... was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited ... the trial court shall enter the finding in the judgment of the court.

In the court's charge, the judge instructed the jury in accordance with TEX. PENAL CODE ANN. § 1.07(a)(17) (Vernon 1994) that:

"Deadly weapon" means anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

Then the court submitted the following special issue:

Do you the Jury find beyond a reasonable doubt that the defendant used or exhibited a deadly weapon, namely, a flashlight and/or an unknown object, during the commission of the offense for which he has been convicted or during the immediate flight therefrom, or was a party to the offense and knew that a deadly weapon, namely, a flashlight and/or an unknown object would be used or exhibited during the commission of the offense or during the immediate flight therefrom?

The jury answered "We do," and the court duly entered that finding in the judgment. This finding will be used in determining Crutcher's parole eligibility under TEX. GOV'T CODE ANN. § 508.145(d) (Vernon Supp. 1998).[1]

Since the flashlight used as a weapon in this case did not belong to the victim, it is apparent that the parties brought at least that item with them. A flashlight is not a deadly weapon per se.[2] However, the evidence in this case is sufficient to show that a flashlight or some object was used in a manner to make it a deadly weapon. Crutcher argues, however, that the evidence is not sufficient to support the jury's finding that he personally, or as a party, used a deadly weapon.

■ It is correct that there is no proof that Crutcher had knowledge before he and his accomplice entered the victim's home that a weapon would be used to beat him. However, in the context of a prolonged and continuing assault involving a deadly weapon, such as in this case, we do not construe the requirement that a party to the offense know that a deadly weapon "would be used" as requiring proof that the party had that knowledge before the assault commenced. It is sufficient for a deadly weapon finding against a party to an offense if the proof shows that, during the course of an offense, it was apparent to the party that a deadly weapon was being used or was about to be used and that party continues to participate in the commission of that offense.

■ In this case, it became obvious during the commission of the crime that a flashlight or some object was being used as a deadly weapon, i.e., that in the manner of its use or intended use was capable of causing death or serious bodily injury. Even if Crutcher was not the one who actually used the weapon and did not know before he entered the house that his accomplice intended to do so, it would have become obvious to him that his accomplice did have such an intent as they continued to participate in this prolonged and

---

1. This section was recodified with minor changes. It was formerly found at TEX.CODE CRIM. PROC. ANN. art. 42.18.

2. Reported deadly weapons findings of this type have typically involved deadly weapons per se, such as a firearm. *Bias v. State*, 937 S.W.2d 141, 145 (Tex.App.-Houston [1st Dist.] 1997, no pet.).

In *Upson v. State*, 949 S.W.2d 531, 533 (Tex. App.-Houston [14th Dist.] 1997, no pet.), the court implied that a tire tool could have been a deadly weapon, but did not address that issue because there was no affirmative finding made that the appellant had knowledge concerning the deadly weapon.

brutal attack upon the victim. Crutcher's continuing active assistance in the commission of the crime constitutes his acceptance of his accomplice's act in its entirety, including knowledge of the use of the flashlight or other object as a deadly weapon. We find the evidence is sufficient to support the jury's affirmative finding of the use of a deadly weapon.

 Crutcher next contends that the trial court erred by admitting identification evidence from a pretrial lineup. Under this point of error, he argues that testimony about the lineup was improperly admitted because it was introduced by the State, and then separately argues that the lineup was suggestive. The testimony was elicited by the State during direct examination. Crutcher did not object to the testimony, but had contested the suggestive nature of the lineup at a pretrial hearing. His failure to object at trial because the evidence was admitted from a particular source or at a particular point in the proceeding has waived any contention of error on that basis. We will not consider any error that counsel for the accused could have called, but did not call, to the attention of the trial court at a time when such error could have been avoided or corrected by the trial court. TEX. R.APP. P. 33.1; *Ex parte Crispen*, 777 S.W.2d 103, 105 (Tex.Crim.App.1989) (orig.proceeding).

 He also contends that the trial court erred by allowing any testimony about the lineup because it was impermissibly suggestive. Crutcher obtained an adverse ruling on his motion to suppress. His claim of error in this respect is thus preserved for our review. *See Gonzales v. State*, 685 S.W.2d 47, 50 (Tex.Crim.App.1985).

 The Due Process Clause of the Fourteenth Amendment prohibits the use of identification testimony from a witness who was subjected to an impermissibly suggestive pretrial identification procedure. *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18

L.Ed.2d 1199 (1967); *Roberts v. State*, 923 S.W.2d 141, 144 (Tex.App.-Texarkana 1996, pet. ref'd). The reason for the rule is the substantial potential for misidentification that may be caused by suggestive procedures. *Webb v. State*, 760 S.W.2d 263, 269 (Tex. Crim.App.1988) (citing *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968)). If the totality of the circumstances reveals no substantial likelihood of misidentification even though the procedure was impermissibly suggestive, the court will consider the identification testimony reliable. Reliability is the linchpin in determining admissibility of the identification testimony. *Webb*, 760 S.W.2d at 269 (citing *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977)).

 In the present case, Crutcher complains that the lineup was suggestive because the other members of the lineup were so dissimilar to himself that the victim really had only one choice. We have reviewed the videotape. The individuals on the tape are all white males who generally fit the description previously given by the victim. Obviously, they are not identical, but they have characteristics similar to the accused and have no unique features that are of such prominence as to immediately remove any one individual from consideration.[3] The lineup was not impermissibly suggestive.

 Even if the lineup had been shown to be suggestive, the victim also identified Crutcher in court and specified that he recognized him because of the opportunities he had to observe him during the fight and that there was no doubt in his mind that Crutcher was his assailant. If an in-court identification has an independent basis other than the suggestive pretrial identification procedure, the in-court identification is admissible. *See Harris v. State*, 827 S.W.2d 949, 960 (Tex.Crim.App.1992); *Rogers v. State*, 774 S.W.2d 247, 260 (Tex.Crim.App. 1989); *Forte v. State*, 935 S.W.2d 172, 175 (Tex.App.-Fort Worth 1996, pet. ref'd).

**3.** Counsel suggests that the fact that the accused had more extensive facial hair than any other member of the lineup is dispositive. Although he does have a fuller beard than the other members of the lineup, it is at most a very short beard, and several other members of the lineup also had facial hair or a similar scraggly, unshaven look.

Crutcher's contentions regarding the identification procedures are overruled.

The judgment is affirmed.