**Justin Ian DUDIK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–95–00254–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 20, 1999.

Lott J. Brooks, III, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Panel consists of Justices YATES, EDELMAN, and HILL.[1]

## OPINION

JOHN HILL, Justice (Assigned).

Justin Ian Dudik appeals his jury conviction for the offense of aggravated robbery, after the Juvenile Court transferred his case to District Court. The trial court assessed Dudik's punishment at 99 years in the Texas Department of Criminal Justice, Institutional Division. In seven points of error, he contends that: (1) the evidence is legally insufficient to support his conviction; (2) the evidence is factually insufficient to support his conviction; (3) the trial court erred in overruling his request to add Max Moussazadeh and Brian Collier to the application paragraph of the jury charge on accomplices as a matter of fact; (4) there was insufficient evidence to corroborate a witness's testimony; (5) the trial court erred by refusing his request to submit a special issue to the jury to determine whether Darryl Bass was an accom-

---

1. Senior Justice John Hill sitting by assignment.

plice; (6) the trial court erred in denying his motion for a new trial alleging a *Brady* violation without an evidentiary hearing; and (7) the prosecution withheld information favorable to the defense.

We affirm. After reviewing the record, we find that: (1) the evidence is both legally and factually sufficient to support Dudik's conviction; (2) the trial court did not err in failing to submit a special issue regarding whether Darryl Bass was an accomplice; (3) there was no error in the portion of the court's charge to the jury concerning whether Max Moussazadeh and Jason Dill were accomplices and whether the testimony needed to be corroborated; (4) the record reflects that the trial court conducted an evidentiary hearing on Dudik's motion for new trial; and (5) Dudik failed to preserve error regarding his contention that the prosecution withheld information favorable to the defense.

In his first, second, and fourth points of error, Dudik contends that the evidence is legally and factually insufficient to support his conviction. In considering Dudik's claim that the evidence is legally insufficient to support his conviction, we must determine, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim. App.1988).

■ Evidence at trial showed that Dudik helped to plan a robbery at The Dairy Barn in Harris County and participated by driving the car that took everyone to and from the site of the robbery. Brian Collier, one of the other participants in the robbery, shot and killed the victim during the course of the robbery. The jury was charged that it could convict Dudik as a party.

Dudik contends that the evidence is legally insufficient to support his conviction for the offense of aggravated robbery because, although there is evidence to show that he participated in the robbery as a party, there is no evidence that he was aware that a deadly weapon was going to be used in the robbery.

A person is criminally responsible for an offense committed by the conduct of another if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person commit the offense...." TEX. PEN.CODE ANN. § 7.02(a)(2) (Vernon 1994). The record reflects that Dudik had a major role in planning the robbery. Dudik recruited Max Moussazadeh to assist in the robbery. As he was driving everyone away from The Dairy Barn, Dudik told Collier to throw the firearm out the window after Dudik learned that Collier shot and killed the proprietor. There was sufficient evidence for a rational jury to conclude that Dudik was criminally responsible, as one of the planners of the robbery and as the driver of the getaway car, for the acts of Brian Collier, the person who shot and killed the victim. *See Crutcher v. State,* 969 S.W.2d 543, 545 (Tex.App.—Texarkana 1998, pet. ref'd); *Webber v. State,* 757 S.W.2d 51, 54 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). It is undisputed that Collier shot the victim with a firearm. We, therefore, hold that the evidence is legally sufficient to support the conviction. *See Crutcher v. State,* 969 S.W.2d at 544–45; *Webber v. State,* 757 S.W.2d at 55.

■ We do not agree with Dudik's assertion that the evidence was insufficient to show he knew a deadly weapon was going to be used, because such knowledge is not required. *See, e.g., Crutcher* 969 S.W.2d at 546; *Webber,* 757 S.W.2d at 55. However, we also find that the jury could rationally determine from the evidence that Dudik, as one of the planners of the robbery, was aware that a firearm was going to be used in the robbery. We also note that even if he did not learn of the use of a firearm until after the fact, Dudik

continued to participate in the offense by suggesting disposal of the firearm and by driving the getaway car. *See, e.g., Crutcher* 969 S.W.2d at 546; *Webber,* 757 S.W.2d at 54. We find that the evidence is legally sufficient to support Dudik's conviction even if the State were required to establish his knowledge of the use of a firearm.

■ Dudik also argues that the evidence is insufficient to corroborate the testimony of an accomplice witness, Darryl Bass. Dudik claims there was evidence at trial that Bass originally suggested the idea of robbing the Dairy Barn. Bass testified that he told Dudik or Brian Collier where the Dairy Barn was located and told him what time the Dairy Barn closed. Bass testified Dudik did not tell him why they wanted to know or that they were considering robbing the place. Bass denied suggesting the robbery. Bass indicated that, while he guessed that the robbery was going to happen and knew that it had happened, he otherwise had nothing to do with it. The court instructed the jury that if it found that Darryl Bass was an accomplice it could not convict Dudik upon his testimony unless the jury found that there was other evidence in the case tending to connect Dudik with the offense charged. The court also instructed the jury that one or more accomplices cannot corroborate each other; rather, corroborative evidence, if any, must come from a source other than accomplice testimony. Under these facts, a reasonable jury could have found that Darryl Bass was not an accomplice. His testimony, therefore, did not require corroboration.

Dudik refers us to Bass's admission that he gave prior statements, which he did not dispute, to the effect that he knew the Dairy Barn was going to be robbed when others had asked him about the location of the Dairy Barn. Bass testified that Brian Collier told him, several days before the robbery, that he was going to rob the Dairy Barn. In his statement to the police, Bass said that Dudik asked him on the night of the robbery where the Dairy Barn

was and that Bass told him. Bass' statement reflects that *after* the conversation with Dudik he assumed that Dudik was going to rob the Dairy Barn. We find that the testimony to which Dudik refers does not make Bass an accomplice witness as a matter of law. A rational jury could have concluded from the evidence that Bass was just answering the question for his friend and that he did not connect the question with Collier's earlier statement until after the conclusion of his conversation with Dudik.

Dudik also argues that the evidence is factually insufficient to support his conviction. This court has the authority to review fact questions in criminal cases. *See Clewis v. State,* 922 S.W.2d 126, 129–30 (Tex.Crim.App.1996). In reviewing Dudik's claim that the evidence is factually insufficient to support his conviction, we must view all the evidence "without the prism of in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* at 129. In making this review, we must give deference to the findings of the trier of fact; we must support a finding of factual insufficiency by providing a detailed explanation of that finding so that the Texas Court of Criminal Appeals can ensure that we have accorded the proper deference to those findings; and we must review all of the evidence. *See Cain v. State,* 958 S.W.2d 404, 407–08 (Tex.Crim.App.1997). Having reviewed all of the evidence, we do not find the jury's verdict to be so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Dudik's argument to the contrary seems to be no different than his argument with respect to the legal sufficiency of the evidence. He does seem to argue, however, that any conclusion by the jury that Bass was not an accomplice was also so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We find that it was not. We over-

rule Dudik's first, second, and fourth points of error.

In his third point of error, Dudik asserts that the trial court erred by not adding Max Moussazadeh and Jason Dill to the portion of the charge dealing with whether Darryl Bass was an accomplice and whether his testimony needed to be corroborated. We previously noted that the court's charge instructed the jury that if it found Bass to be an accomplice there must be other evidence in the case besides his testimony to convict Dudik, and further instructed the jury that accomplices cannot corroborate each other. The charge stated that proper corroborative evidence must be from some source other than accomplice testimony. Dudik would have had the court specifically instruct the jury that if it found Bass to be an accomplice, there must be testimony in addition to Bass's, Moussazadeh's and Dill's tending to connect Dudik with the offense. The charge given by the trial court appears to be that approved by the Texas Court of Criminal Appeals in *Aston v. State*, 656 S.W.2d 453, 454 (Tex.Crim.App.1983). We overrule appellant's third point of error.

In his fifth point of error, Dudik asserts that the trial court erred in failing to submit a special issue to the jury regarding whether Darryl Bass was an accomplice. Dudik claims he cannot tell from the jury's verdict whether the jury found he was not an accomplice and convicted on the basis of his testimony or found that he was an accomplice and that there was sufficient corroborating evidence to support his testimony. He presents no authority in support of this argument. We overrule appellant's fifth point of error. *See* TEX.R.APP. P. 38.

Dudik insists in his sixth point of error that the trial court erred in denying his motion for a new trial without an evidentiary hearing. The record reflects, however, that the trial court held an evidentiary hearing on Dudik's motion for new trial. We overrule appellant's sixth point of error.

 In his seventh point of error, Dudik argues that his conviction should be reversed because the prosecution withheld information favorable to the defense. He recites facts in support of his argument, but without record references, perhaps because the record contains no statement of facts from the evidentiary hearing held in connection with his motion for new trial. This was not a limited appeal brought in accordance with TEX.R.APP. P. 34.6. Therefore, we find that Dudik failed to preserve this point of error. *See Gray v. State*, 853 S.W.2d 782, 783 (Tex.App.— Houston [14th Dist.] 1993, pet. ref'd). We overrule appellant's seventh point of error and affirm the judgment.