Affirmed and Memorandum Opinion filed May 15, 2007








Affirmed and Memorandum Opinion filed May 15, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00443-CR

____________

 

HENRY STERLING MENIFEE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 1001941

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Henry Sterling Menifee, was indicted for the
felony offense of aggravated robbery.  A jury convicted him, and the trial
court assessed punishment at thirty years= confinement in
the Texas Department of Corrections.  Appellant raises five points of error:
(1) the evidence was legally insufficient; (2) the evidence was factually
insufficient; (3) the trial court erred by not submitting a charge on
lesser-included offenses; (4) the trial court erred  when it admitted appellant=s custodial
statement; and (5) the trial court erred by giving a concurrent-causation
instruction.  We affirm.








Factual and Procedural Background

On September 24, 2004, Patricia Garza had a morning
appointment at the Women, Infants, and Children Program Office (AWIC@).  After her
meeting ended, she went to the bus stop located at the 5900 block of Airline. 
While waiting for the bus with her three childrenCtwo young boys,
and an infant daughterCa man approached her and asked for the
time and inquired about the bus schedule.  Once she answered him, he got up and
grabbed her bag.  The two struggled over the bag, but the robber, Andre Gibson,
brandished a revolver and Garza let go of the bag.

Gibson then ran to the passenger side of a late model blue
Cadillac Sedan DeVille parked in the lot behind the bus stop.  The Cadillac=s front passenger
door was already open and appellant was the driver.  Gibson entered the car,
shut the door, and the car began to leave.  While Gibson was running to the
car, an unmarked blue Metro Police Department van was driving by the scene. 
Metro officer Andrew Lynn, who was driving the van, noticed Gibson running to
the Cadillac and followed him.

Although neither Lynn nor his partner, Officer Gary
Shoener, initially activated their emergency lights or otherwise indicated they
were police officers, Gibson and appellant suspected something was wrong. 
While driving through the residential area near the bus stop, the officers
turned a corner only to see the Cadillac parked, and Gibson standing outside of
it.  Gibson began firing upon the police van, using the Cadillac as a shield. 
Gibson got back inside the car and appellant began driving away.  Lynn and
Shoener had already radioed for assistance.  








The chase intensified after the first shots were fired at
Lynn and Shoener.  They put police lights on their dashboard, activated them,
and determined that they would return fire if necessary.  A second time, when
turning a corner, the Cadillac was stopped in the street in a position
described as Abarricade@ like, and Gibson
again fired upon the police van.  Lynn and Shoener returned fire, and though
they hit the Cadillac, they did not hit either appellant or Gibson.  The chase
continued and the Cadillac stopped again; Gibson exited and fled on foot into
the residential neighborhood.  Shoener exited the van and pursued on foot. 
Other officers joined the search and Gibson was ultimately apprehended.  

Appellant drove away and eventually onto the Hardy
Tollway.  Lynn followed in the van.  Appellant stopped the Cadillac on the
Hardy Tollway as if waiting for someone to re-enter the vehicle.  Lynn
testified that he observed this activity, but did not intervene, because there
were no other officers present to assist him, and he was not in a good position
to apprehend appellant.  Yet, when two marked police vehicles passed his car,
appellant drove away.  A uniformed Houston Police officer noticed the Cadillac
due to a bullet hole in the rear window.  

The officer pulled alongside the Cadillac.  Appellant kept
one hand on the steering wheel and held the other in the air to indicate he was
not armed.  The officer pulled ahead of the Cadillac, initiated lights and a
siren and then turned around to approach the Cadillac head on.  The Cadillac
stopped and the officer exited his vehicle with his gun drawn and pointed at
appellant.  Appellant exited the Cadillac, lay down on the ground and was
arrested.

          Although
appellant did not testify at trial, evidence was admitted indicating that
appellant attributed his involvement in the incident as partially involuntary. 
According to the evidence, appellant saw Gibson the day of the aggravated
robbery and took him to the scene knowing Gibson was going to do Asomething wrong@ to make some
money.  However, appellant claimed he did not know Gibson had a gun until
Gibson fired on the van.  Also, he claimed Gibson threatened him.  Appellant
also complained upon his arrest that Gibson had hit him on the head, though
ambulance workers immediately released appellant after examining him.








A grand jury indicted appellant for aggravated robbery.  A
jury convicted him, and the trial court assessed punishment after appellant
pleaded true to one enhancement paragraph.  Appellant raises five points of
error: (1) the evidence is legally insufficient; (2) the evidence is factually
insufficient; (3) the trial court erred by not submitting a charge on
lesser-included offenses; (4) the trial court erred  when it admitted appellant=s custodial
statement; and (5) the trial court erred by giving a concurrent causation
instruction.  We affirm.

Analysis

I.        Legal
Sufficiency

Appellant raised his factual sufficiency challenge as his
first point of error, and his legal sufficiency challenge as his second. 
However, because legal sufficiency is an issue upon which we could render an
acquittal, we address it first.

In a
legal-sufficiency challenge, we employ the familiar standard of viewing the
evidence in the light most favorable to the verdict.  King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000).  If any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt, we
will affirm.  Id.   We will not re-weigh the evidence and substitute our
judgment for that of the jury.  Id.  

Appellant=s issue revolves around what he deems to
be a dearth of evidence to prove that he knew Gibson had and would use a
firearm and, thus, insufficient evidence to prove aggravated robbery.  The
evidence at trial showed Gibson did not exhibit the revolver until Garza
struggled with him over the purse.  Therefore, appellant argues, the evidence
does not support that he knew of the concealed weapon.  However, it is not
necessary for appellant to know that Gibson had a firearm, or even that Gibson
was going to use it.  See Dudlik v. State, 994 S.W.2d 267, 269 (Tex.
App.CHouston [14th
Dist.] 1999, no pet.) (citing Crutcher v. State, 969 S.W.2d 543, 546
(Tex. App.CTexarkana, 1998, pet. ref=d)).








The evidence was legally sufficient to support appellant=s conviction as a
party to the offense.  Appellant drove Gibson to the scene of the crime,
knowing that Gibson was going to do something illegal in order to get some
money.  Appellant was waiting in a parking lot in the getaway car, with the
passenger door open, and aided Gibson in attempting to evade police.  He parked
the car twice in such as a way to aid Gibson=s Aambush@Cas characterized
by policeCof the police van.  Appellant parked his car a third
time in such a place and in such a way that the jury could reasonably infer he
was waiting for Gibson to evade officers on foot and rejoin him in the car. 
Therefore, the evidence is legally sufficient to support appellant=s conviction as a
party.  Appellant=s second point of error is overruled.

II.       Factual
Sufficiency

Appellant also challenges the factual sufficiency of the
evidence.  When conducting a factual‑sufficiency review, we view all of
the evidence in a neutral light.  Cain v. State, 958 S.W.2d 404, 408
(Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim.
App. 1996).  We may set the verdict aside if: (1) the evidence is so weak that
the verdict is clearly wrong and manifestly unjust; or (2) the verdict is
against the great weight and preponderance of the evidence.  Watson v. State,
204 S.W.3d 404, 414B15 (Tex. Crim. App. 2006) (citing Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)).  However, while we may disagree with the jury=s conclusions, we
must exercise appropriate deference to avoid substituting our judgment for that
of the jury, particularly in matters of credibility.  Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005); see also Watson, 204 S.W.3d
at 414 (stating that a court should not reverse a verdict it disagrees with,
unless the verdict represents a manifest injustice even though supported by
legally sufficient evidence).  Also, in our review, we must discuss the
evidence that, according to appellant, most undermines the jury=s verdict.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).








Turning to whether the evidence is so weak that the verdict
is clearly wrong and manifestly unjust, we hold that it was not.  There is no
dispute that appellant was driving the car used to aid Gibson in fleeing the
scene of the crime.  The jury could find from the evidence that appellant had
driven Gibson to the scene knowing that some crime would be committed to get
money, and that appellant purposefully parked facing the exit of the parking
lot with the passenger door open to facilitate a fast and effective aggravated
robbery.  Additionally, as we noted above, it was not necessary for appellant
to know that Gibson would use a deadly weapon.  

The verdict is not against the great weight and
preponderance of the evidence.  The only evidence admitted in support of
appellantCthough mostly admitted indirectly through the State=s caseCwas that appellant
was an unwitting accomplice.  However, the jury could have concluded that
appellant=s statements to police were merely self-serving. 
Also, the positioning of the Cadillac, with its door open, and actions taken
immediately after the robbery were such that a reasonable juror could conclude
appellant was a willing accomplice.  The jury was justified in the verdict it
rendered.  Appellant=s first point of error is overruled.

III.      Lesser-Included
Offenses

In his third point of error, appellant asserts the trial
court should have submitted two instructions for lesser-included offenses: (1)
robbery, as opposed to aggravated robbery; and (2) theft from a person.  We
apply the following two‑prong test to determine if a defendant is
entitled to a charge on a lesser-included offense:  (1) the lesser-included
offense must be included within the proof necessary to establish the offense
charged; and (2) some evidence must exist in the record that would permit a jury
rationally to find that if the defendant is guilty, he is guilty only of the
lesser-included offense.  Wesbrook v. State, 29 S.W.3d 103, 113 (Tex.
Crim. App. 2000); Rousseau v. State, 855 S.W.2d 666, 672B73 (Tex. Crim.
App. 1993).  We review all the evidence presented at trial in making this
determination.  Rousseau, 855 S.W.2d at 673.  The State concedes that
both robbery and theft from a person can be lesser-included offenses of
aggravated robbery.  Therefore, we need only address the second prong in our
analysis.








As with his first two points of error, appellant contends
he did not know Gibson had a firearmCthus, he claims
the jury should have been instructed on the lesser-included offenses of robbery
and theft from a person.  As we have detailed above, however, the record does
not support appellant=s contention.  It is uncontroverted that a
firearm was used in the commission of the offense.  Accordingly, the evidence
supports only a conviction for aggravated robbery, and not a conviction for
robbery or theft of a person.  Appellant has not pointed out any evidence that
would permit a jury rationally to find that if he is guilty, he is guilty only
of one of the lesser-included offenses.  We have also explained that appellant=s argument that he
may have been ignorant of the gun before it was used does not avail him.  We
overrule appellant=s third point of error.

IV.      Appellant=s Issue Concerning
His Custodial Statement is Waived

In his fourth issue, appellant contends that his custodial
statement should have been excluded.  At trial, appellant filed a pre-trial
motion alleging that his custodial statements should be excluded because they
were involuntary and coerced, he was deprived of his right to counsel, and he
was illegally and unlawfully detained.  A hearing was held on the motion and
appellant raised only the issue of voluntariness and coercion.  He did not
assert that he was unlawfully arrested or detained at the hearingCthe issue that
appellant now raises.  If, the issue was preserved for review, we find
appellant was not unlawfully detained.  For reasons already articulated, the
police had probable cause to believe appellant was working in concert with
Gibson when he fired at them.  Thus, the police had probable cause to believe
appellant was committing an offense in their presence.  Accordingly, the police
were authorized to immediately arrest appellant without a warrant.  Tex. Code Crim. Proc. Ann. art.
14.01(b) (Vernon 2005).  Appellant=s fourth issue is
overruled.

V.      Concurrent-Causation
Instruction

Appellant=s final point of
error concerns the inclusion of a concurrent-causation instruction in the jury
charge.  The language, which stands alone on a single page and is not found in
the application paragraphs, states:








A person is criminally responsible if the result
would not have occurred but for his conduct, operating either alone or
concurrently with another cause, unless the concurrent cause was  clearly
sufficient to produce the result and the conduct of the defendant clearly
insufficient.

A person is nevertheless criminally responsible for
causing a result if the only difference between what actually occurred and what
he desired, contemplated, or risked is that:

(1)     a different offense was committed; or

(2)     a
different person or property was injured, harmed, or otherwise affected.

A concurrent cause is Aanother cause@ in addition to
the actor=s conduct, and Aagency in addition
to the actor.@  McKinney v. State, 177 S.W.3d 186, 201B02 (Tex. App.CHouston [1st
Dist.] 2005) (citation and quotation omitted), affirmed, McKinney v.
State, 207 S.W.3d 366 (Tex. Crim. App. 2006).  The causation charge is
called for only when the issue of concurrent causation is presented.  Id.
at 202.  

When a defendant=s intent and
actions meet the criteriaCas hereCfor party
liability, he is criminally responsible for the conduct of the principal
actor.  See id. (citing Tex.
Penal Code '' 7.02(a)(2), 7.01(a)).  The principal=s actions are
imputed to the defendant and, therefore, become the actions of the defendant.  Id. 
As a result, the defendant=s actions cannot be insufficient to
produce the result and the concurrent-causation instruction is generally
error.  Id.  However, simply because the instruction is likely error
does not mean we must reverse.

In this case, the charge did not utilize the
concurrent-causation instruction in the application language.  Even if the
instruction was improperly included in the charge, failing to include it in the
application language nullifies any error because the jury is not authorized to
convict on that theory of causation.  See Hughes v. State, 897 S.W.2d
285, 297 (Tex. Crim. App. 1994).  Therefore, because the abstract
concurrent-causation instruction was not included in the application language,
we hold that any error was harmless.  We overrule appellant=s final issue.








Conclusion

Having overruled each of appellant=s points of error,
we affirm the judgment of the trial court.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed May 15, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).