# NO. 12-12-00020-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEITH A. KING,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Keith Allen King appeals his convictions for two counts of aggravated assault with a deadly weapon. Appellant raises five issues relating to the validity of his waiver of the right to appeal and the sufficiency of the evidence. We affirm.

### BACKGROUND

On March 3, 2011, an Angelina County grand jury indicted Appellant for one count of aggravated robbery with a deadly weapon and one count of aggravated assault with a deadly weapon, both alleged to have occurred on May 8, 2010. On November 4, 2011, Appellant pleaded guilty to the "offense[s] alleged in the indictment," and the "lesser included offense [of aggravated assault] arising out of said indictment" with no agreement as to punishment. Appellant also executed a waiver of his right to appeal "both guilt/innocence and punishment."

On January 4, 2012, the trial court conducted a sentencing hearing in which the State presented evidence. The trial court sentenced Appellant to twenty years of imprisonment.

In an unnumbered issue, which we address as his sixth issue, Appellant contends that the waiver of his right to appeal is not valid. In addressing whether the waiver is valid, we must first determine whether State's Exhibit 1 from the guilty plea hearing (State's Exhibit 1) can be considered as evidence.

## I.  Evidence Not Formally Admitted

Appellant argues that State's Exhibit 1 cannot be considered as evidence because the trial court never formally admitted it.

Evidence that is not formally admitted but is on file and considered by the trial court may also be considered by the appellate court on appeal. *See Killion v. State*, 503 S.W.2d 765, 766 (Tex. Crim. App. 1973) (considering evidence in support of judgment treated as if formally admitted because trial court treated evidence as if it had been admitted and defendant did not object); *Rexford v. State*, 818 S.W.2d 494, 495-96 (Tex. App.—Houston 1991, pet. ref'd). In *Killion* and *Rexford*, the respective defendants signed a sworn stipulation that was approved by the defendant's attorneys and the trial court, and was file-marked. *See Killion*, 503 S.W.2d at 766; *Rexford*, 818 S.W.2d at 495. In both cases, the appellate court held that the evidence could be considered on appeal because it was considered by the trial court. *See Killion*, 503 S.W.2d at 766; *Rexford*, 503 S.W.2d at 495-96.

Here, the State offered State's Exhibit 1, and defense counsel did not object to its admission. The trial court failed to formally admit the exhibit, but the document contained in the exhibit was filed with the district clerk. Throughout the hearing, the trial court questioned Appellant in reference to State's Exhibit 1. The exhibit included Appellant's signature and was sworn to before the deputy district clerk. The signatures of Appellant's attorney, the prosecutor, and the trial judge were also contained in the exhibit. Because the parties treated the exhibit as if it were formally admitted, the exhibit contained their signatures, and the exhibit was filed with the district clerk, we will consider it as evidence in our analysis. *See Killion*, 503 S.W.2d at 766.

## II.  Validity of Waiver

Appellant contends that he waived his right to appeal so that the State would not recommend any particular sentence. The State argues that "in a sense, there was a limited plea bargain in which the State gave consideration in return for [Appellant's] plea and waiver of appeal

2

in that the State agreed to reduce count I from Aggravated Robbery to Aggravated Assault[,]" but maintains that there was "no other plea bargain."

A criminal defendant has a right to appeal an adverse judgment. *See* TEX. CODE CRIM. PROC. ANN. 44.02 (West 2006); TEX. R. APP. P. 25.2. But a defendant may contract away this right through an express waiver. *See Ex parte Broadway*, 301 S.W.3d 694, 697-98 (Tex. Crim. App. 2009); *Cox v. State*, No. 12-11-00297-CR, 2012 WL 2501031, at *2 (Tex. App.—Tyler June 29, 2012, no pet.) (mem. op., not designated for publication). A valid waiver will prevent a defendant from appealing without the consent of the trial court. *See Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). To be valid, the waiver must be voluntary, knowing, and intelligent. *Ex parte Delaney*, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006).

Generally, when a defendant waives his right to appeal before sentencing and without an agreement on punishment, the waiver is not valid. *Washington v. State*, 363 S.W.3d 589, 589-90 (Tex. Crim. App. 2012); *see also Cox*, 2012 WL 2501031, at *2; *Nichols v. State*, 349 S.W.3d 612, 615 (Tex. App.—Texarkana 2011, pet. ref'd). The reasons supporting this general rule are that (1) at the time of the waiver, the right of appeal has not yet matured; (2) the defendant cannot anticipate unknown errors that might occur, and therefore the waiver cannot be made knowingly and intelligently; and (3) the defendant cannot know with certainty what punishment will be assessed. *See Ex parte Delaney*, 207 S.W.3d at 797. But presentencing waivers of the right to appeal are valid if they are part of a plea bargain, or if the state has given some consideration for the waiver. *See Ex parte Broadway*, 301 S.W.3d at 699.

On the date of Appellant's guilty plea, the trial court signed a certification of the right to appeal that stated, "[This] is not a plea-bargain case, and the defendant has the right of appeal." Underneath this line was a handwritten notation that stated "punishment only." The certification was signed by Appellant, Appellant's attorney, and the trial judge. After Appellant's sentencing hearing, however, the trial judge signed a second trial court certification. The second certification stated, "[This] is not a plea-bargain case and the defendant has the right of appeal." There were no handwritten notations contained in the second certification. State's Exhibit 1 also reflects that there was no plea bargain agreement.

The State's argument that there was a "limited plea bargain" is somewhat supported by the record in that Appellant and the State signed a joint request to try Appellant on the lesser included

3

offense of aggravated assault in count I of the indictment.   State's Exhibit 1 also shows that count I was reduced to the lesser included offense of aggravated assault.   But the record does not show that Appellant's waiver of his right to appeal was conditioned upon the State's reduction of count I to the lesser included offense.   *See Nichols*, 349 S.W.3d at 615; *cf. Ex parte Broadway*, 301 S.W.3d at 697-98 (defendant induced State to consent to waiving jury trial in return for defendant's waiver of right to appeal).

Absent evidence of a bargain between the State and Appellant, and noting that at the time of his waiver, Appellant did not know the terms of his punishment, we cannot conclude that Appellant's waiver of appeal was "voluntarily, knowingly, and intelligently" made.   *See Nichols*, 349 S.W.3 at 615.   Accordingly, Appellant's waiver of the right to appeal is not enforceable and is fully before this court without limitation.   *See id.*   Because we conclude that Appellant's waiver is ineffective, we need not address Appellant's fifth issue.[1]   *See* TEX. R. APP. P. 47.1.


## STANDARD OF REVIEW

The standard of review announced in *Jackson v. Virginia* is not applicable when the defendant knowingly, intelligently, and voluntarily enters a plea of guilty or nolo contendere. *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex. App.—Fort Worth 2007, pet. ref'd).   Once a defendant enters a valid guilty plea, the state is no longer constitutionally required to prove his guilt beyond a reasonable doubt.   *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.).   Article 1.15 of the code of criminal procedure requires the state to introduce evidence showing the guilt of the defendant.   TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2006).   That state's evidence "shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same."   *Id*.

To substantiate a plea, there must be evidence "in addition to, and independent of, the plea itself to establish the defendant's guilt."   *Menefee v. State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009).   A stipulation of evidence or judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea so long as it establishes every element of the offense charged.   *See id.* at 13; *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980) (op. on reh'g).   If a

---

[1] In his fifth issue, Appellant argues that the State breached an agreement not to recommend a particular punishment by presenting testimony and evidence calculated to produce a lengthy sentence.

4

judicial confession or stipulation is defective, the deficiency in the state's proof may be compensated for by other competent evidence in the record. *Menefee*, 287 S.W.3d at 14.

In *Menefee*, the court explained that an accused's affirmative answer to the question, "[A]re you guilty of this charge and are you pleading guilty because you are guilty and for no other reason," was "merely an additional admonishment by counsel[,] even though the defendant 'seemed to be expressly admitting he was guilty of this charge.'" *Id.* at 15. In determining that a defendant's sworn guilty plea in addition to a stipulation omitting an element of the offense was insufficient to substantiate a defendant's plea, the court adopted the reasoning set forth in Judge Clinton's dissent in *Morris v. State*, 749 S.W.2d 772 (Tex. Crim. App. 1986) (Clinton, J., dissenting on original submission). *Id.* at 17. In his dissent, Judge Clinton wrote the following:

> Simply to invest the plea itself with the trappings of an oath does not elevate it to the status of evidence. Appellant merely swore to the fact that he understood the indictment and was pleading no contest to it. This does not amount to confirmation that such allegations are true and correct or that appellant committed the offense so alleged. Patently, as modified, the stipulation constitutes neither a "judicial confession" nor any other manner of evidence contemplated under Article 1.15 as necessary to support the trial court's judgment.

*Morris*, 749 S.W.2d at 777. We apply *Menefee* in determining whether the record contains sufficient evidence to substantiate Appellant's guilty plea.

### SUFFICIENCY OF EVIDENCE—AGGRAVATED ASSAULT

In his first issue, Appellant challenges the sufficiency of the evidence as it relates to count I of the indictment (the second assault). In his third issue, Appellant challenges the sufficiency of the evidence as it relates to count II of the indictment (the first assault).

Appellant asserts three arguments to support his challenge. First, he argues that the evidence is insufficient because State's Exhibit 1 was never formally admitted as evidence and thus could not be considered. Second, he argues that the plea colloquy did not amount to a judicial confession. And third, he argues that the evidence the State introduced "establishes that Appellant was not criminally responsible for the offense." We have held that State's Exhibit 1 could be considered as evidence even though it was not formally admitted. Therefore, we will address only Appellant's second and third arguments in this section. And because the third issue

5

pertains to the first assault, we will address that issue first.

### I.    **Applicable Law**

The penal code provides that a person commits aggravated assault if the person commits an assault and the person causes serious bodily injury to another, or uses or exhibits a deadly weapon during the commission of the assault.   *See* TEX. PENAL CODE ANN. § 22.02(a) (West 2011).   A person commits an assault if he "intentionally, knowingly, or recklessly causes bodily injury to another. . . ."   *Id.* § 22.01(a)(1) (West 2011).

A sworn affirmation that a defendant is pleading guilty to charges in the indictment does not constitute a judicial confession because he is not confessing to the truth and correctness of the indictment or otherwise providing substance to the plea.   *See Menefee*, 287 S.W.3d at 17-18; ***Baggett v. State***, 342 S.W.3d 172, 174 (Tex. App.—Texarkana 2011, pet. ref'd).   If a defendant is sworn as a witness and admits the truth of the allegations in the charging instrument, this testimony is a "judicial confession."   *See* 43A George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice & Procedure* § 51:114 (3d ed. 2011).   A "catch-all" stipulation may also constitute a judicial confession.   *See **Adam v. State***, 490 S.W.2d 189, 190 (Tex. Crim. App. 1973); *see also **Jones v. State***, 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("A written confession approved by the court, and thus considered by the court, can be sufficient to substantiate a guilty plea even if not introduced into evidence.").

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. TEX. PENAL CODE ANN. § 7.01(a) (West 2011).   A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.   TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011).

In determining whether a person is a party to an offense, we may look to "events before, during, and after the commission of the offense."   *See **Gross v. State***, 380 S.W.3d 181, 186 (Tex. Crim. App. 2012).   We may also rely on circumstantial evidence to prove party status.   *Id.*   The evidence must show that at the time of the offense, the parties were acting together, each contributing some part towards the execution of their common purpose.   ***Wooden v. State***, 101 S.W.3d 542, 546 (Tex. App.—Fort Worth 2003, pet. ref'd).   Evidence is sufficient to convict

6

under the law of parties when the defendant is physically present at the commission of the offense and encourages its commission by acts, words, or other agreement. *Id.*

In cases in which the defendant is charged with an aggravated offense, the state must introduce evidence that the defendant was criminally responsible for the aggravating element. *Id.* at 547-48. This means that the defendant must have, with intent to promote or assist the aggravated assault, solicited, encouraged, directed, aided, or attempted to aid the other person in committing the aggravating element. *See* TEX. PENAL CODE ANN. § 7.02(a)(2); *Wooden*, 101 S.W.3d at 548.[2]

## II.  Discussion

Here, the indictment alleged that on or about May 8, 2010, in Angelina County, Appellant

> did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause bodily injury to Floyd Gilmore, Jr. by striking Floyd Gilmore, Jr. with a bottle, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a bottle,
>
> [and it is further presented that on or about May 8, 2010 in Angelina County, Texas,] the defendant did then and there intentionally, knowingly, or recklessly cause bodily injury to John Young by striking John Young with a bottle, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a bottle, during the commission of said assault. . . .

Count I of the indictment was reduced to the lesser included offense of aggravated assault on the date of Appellant's guilty plea. The trial court's corrected judgment reflects a conviction for the offense of aggravated assault for counts I and II and an affirmative deadly weapon finding, specifying a "bottle" as the deadly weapon.

### A.  Plea Colloquy

The following exchange occurred during Appellant's guilty plea hearing:

---

[2] *Gross* and *Wooden* did not involve an Article 1.15 challenge, but instead concerned a legal sufficiency review where the state was required to prove the defendants' guilt beyond a reasonable doubt. *Gross v. State*, 380 S.W.3d 181, 184 (Tex. Crim. App. 2012); *Wooden v. State*, 101 S.W.3d 542, 543 (Tex. App.—Fort Worth 2003, pet. ref'd). When a conviction is challenged on Article 1.15 grounds and culpability is based on the law of parties, the state's burden of proof need only embrace every element of the offense charged. *See e.g.*, *Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston 2012, no pet.). There is no requirement that the state prove the defendant's guilt beyond a reasonable doubt after the defendant has pleaded guilty to the offense, even if the law of parties applies. *See e.g.*, *id.*

THE COURT: All right. How do you plead to the charge, two counts of aggravated assault? Guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: Okay. Does that mean you are guilty, which means did you do what they accused you of?

THE DEFENDANT: Sir, honestly I – yes, sir.

THE COURT: I'm having a little trouble hearing you.

THE DEFENDANT: Yes, sir. Yes, sir.

THE COURT: Okay. You did commit the offense of aggravated assault?

THE DEFENDANT: Yes, sir.

The record does not show that Appellant was placed under oath prior to the guilty plea hearing. Further, the plea colloquy contains no acknowledgment that the allegations in the indictment are "true and correct," nor does Appellant admit to "all of the elements of the charged offense" while under oath and in open court. *See Menefee*, 287 S.W.3d at 13. Even though Appellant answered affirmatively to the question of whether he did "what they accused" him of, we cannot conclude, in light of the holding in *Menefee*, that this affirmation constituted a judicial confession. *See id.* at 15. Therefore, we agree with Appellant that the plea colloquy did not amount to a judicial confession.

Because the plea colloquy does not amount to a judicial confession, we must determine whether the State introduced independent evidence to substantiate Appellant's guilty plea. *See id.* at 18.

### B. State's Exhibit 1

State's Exhibit 1 is a six-page document entitled "Written Plea Admonishments-Waivers-Stipulations." The exhibit reflects the reduction of count I from aggravated robbery to aggravated assault. The exhibit does not include language that tracks the wording of the indictment or the statute under which Appellant was charged. But the exhibit contains an acknowledgment that Appellant read, and his attorney explained, the indictment filed against him and that he understood "all of the written waivers, stipulations, and motions herein

8

stated in connection with the plea. . . ."

On the fourth page, a paragraph entitled "Guilty Plea" is selected.  It states as follows:

> Understanding and agreeing to all of the above, I freely and voluntarily plead GUILTY and confess my GUILT to having committed each and every element of the offense alleged in the indictment or information by which I have been charged in this cause.  Where the State is proceeding on a lesser included offense arising out of said indictment or information, I plead GUILTY and confess my GUILT to having committed each and every element of the lesser included offense only. . . .

Thus, the above portion of State's Exhibit 1 contains a "judicial confession" that was independent of and in addition to Appellant's guilty plea.  *See Adam*, 490 S.W.2d at 190; *Jones*, 373 S.W.3d at 793.  As previously stated, the confession was signed by Appellant and sworn before the clerk, was offered into evidence, and was treated as if admitted by the parties and the trial court.  *See Killion*, 503 S.W.2d at 766; *see also Jones v. State*, 857 S.W.2d 108, 109-111 (Tex. App.—Corpus Christi 1993, no pet.) (holding that preprinted form containing stipulation of evidence constituted judicial confession even though not sworn and was sufficient to support judgment).  Although State's Exhibit 1 meets the requirements of a judicial confession, we need not solely rely on the confession in determining whether the requirements of Article 1.15 were satisfied because the State introduced evidence independent of the confession during the sentencing hearing.  *See Menefee*, 287 S.W.3d at 14, 18; *Dinnery*, 592 S.W.2d at 352.

### C. Evidence Independent of Judicial Confession

On January 4, 2012, the trial court conducted the sentencing hearing at which the State presented additional evidence.  The State's evidence consisted of live testimony and exhibits, including a transcript of a prior judicial proceeding involving Appellant's co-defendant.  Without objection, the trial court also took judicial notice of a six-page PSI report that contained eleven attachments.  We have reviewed the testimony, the exhibits, and the PSI report and its attachments.  The following is a summary of that evidence.[3]

On May 8, 2010, Appellant and his cousin, Kevin Ledet,[4] were drinking beer while driving

---

[3] We discuss the facts as they occurred chronologically as opposed to how they are alleged in the indictment. The assault alleged in count II of the indictment occurred prior to the assault alleged in count I.

[4] Ledet had been recently released from prison and was on parole at the time of the offenses.

around Lufkin in Appellant's pickup truck. At about 10:30 that night, John Young, Appellant and Ledet's first victim, was walking down the street alone. Appellant drove past Young, made a u-turn, and then asked Young if he knew where he could "find some rocks." When Young gave a negative reply, Ledet then stated, "F*** you then punk a**," and struck Young in the face with a glass Bud Light beer bottle. After Ledet struck Young, both Appellant and Ledet "began laughing and then drove away." Having no cellular phone to call police, Young picked up the beer bottle that had been used in the assault and looked for help. Eventually law enforcement arrived at Young's location and followed a trail of blood that led back to where Young was assaulted. The officers collected the beer bottle for analysis and photographed Young's injury.[5] Young testified that the blow from the beer bottle "broke the bones in the orbit of [his] eye," and that he has been constantly sick with sinus infections ever since the assault.

Appellant and Ledet drove to another part of town that night and ended up in an area common to drug transactions. As they came into the neighborhood, Appellant stopped his truck on the side of the road where "a black guy" (later identified as Floyd Gilmore, Jr.) was "walking up the street."[6] Appellant and Ledet exited the vehicle at about the same time. Once Gilmore came near Appellant and Ledet, the two men began yelling "something like[,]. . . '[Y]ou want to beat down another white girl mother f*****[?]'"

One witness testified that he saw Gilmore approach Appellant's truck and confirmed that Gilmore did nothing to provoke the assault. The witness also testified that he heard a loud noise, "like a beer bottle had busted," at about the same time that he saw Gilmore being assaulted. No one saw who struck Gilmore with the bottle, but one witness's recitation of events shows that the two men continued assaulting Gilmore after the bottle was heard breaking. It was not until after one of the men noticed someone watching that they stopped assaulting Gilmore and left the scene. As they drove away, Appellant and Ledet could be heard "laughing out loud like they got joy out of it, real loud like the 4th of July, you know."

---

[5] The beer bottle tested positive for Ledet's DNA but not Appellant's.

[6] There is conflicting evidence as to who was driving immediately before Gilmore's assault. In determining that Appellant was the driver, we rely on Appellant's "Sentencing Memorandum" that was filed on January 3, 2012. The memorandum was filed in support of Appellant's request for community supervision and was considered by the trial court. The memorandum contained a statement from Appellant's co-defendant, labeled as "Exhibit 'A'" in which the co-defendant identifies Appellant as the driver immediately prior to Gilmore's assault.

Meanwhile, Gilmore was left in the road, lying in a pool of his own blood. A shattered Bud Light beer bottle was nearby. One of the first responders to the scene testified that Gilmore's injuries were consistent with being beaten with a glass bottle and worse. Because of the extensive nature of his injuries, Gilmore was transported by helicopter to a Tyler hospital. For more than two months, Gilmore remained hospitalized and incurred medical bills that exceeded one million dollars. Appellant told law enforcement that Ledet was the one who struck Gilmore with the beer bottle, but also admitted to assaulting Gilmore.

### III. Conclusion

The law of parties serves as the basis for Appellant's criminal responsibility as it pertains to count II of the indictment (the first assault) because Appellant did not physically assault Young. *See* TEX. PENAL CODE ANN. §§ 7.01(a), 7.02(a). The evidence shows that Appellant and Ledet shared a common purpose—obtaining illegal drugs. *See Wooden*, 101 S.W.3d at 546. Appellant was already engaging in criminal activity by drinking alcohol while operating a vehicle. Appellant saw Young walking alone on the street, turned his vehicle around, drove next to Young, and initiated contact. Appellant was present when Ledet struck Young in the face with the beer bottle after Young had told them that he did not "[mess] with" drugs and was unable to help them. Finally, Appellant drove away laughing with Ledet, leaving Young at the scene. Shortly thereafter, Appellant and Ledet assaulted a second man, Gilmore, who was seen walking down another street alone.

We acknowledge that the evidence presented during the sentencing hearing did not directly show that Appellant "intended to promote or assist" Ledet in committing the aggravated assault with the beer bottle as a deadly weapon against Young. But proof by circumstantial evidence is sufficient for a finding of criminal culpability as a party. *See Gross*, 380 S.W.3d at 186. We conclude that Appellant's judicial confession and the State's additional evidence provided sufficient evidence to substantiate Appellant's guilty plea as it pertains to count II of the indictment. *See Menefee*, 287 S.W.3d at 14, 18. Accordingly, we overrule Appellant's third issue.

Appellant's culpability for the assault against Gilmore (the second assault, count I) does not rest solely on the law of parties. Appellant actively engaged in Gilmore's assault before and after the beer bottle was used. Even if Ledet was the one who used the beer bottle during the

11

assault, Appellant's actions nevertheless encouraged Ledet in committing the aggravating element of the assault. *See Wooden*, 101 S.W.3d at 548. This evidence and Appellant's judicial confession substantiate Appellant's guilty plea as it pertains to count I of the indictment. *See Menefee*, 287 S.W.3d at 14, 18. Accordingly, we overrule Appellant's first issue.

**DEADLY WEAPON FINDINGS**

In his second and fourth issues, Appellant challenges the sufficiency of the evidence supporting the trial court's affirmative deadly weapon finding. Appellant's second issue challenges the deadly weapon finding relating to the assault against Gilmore (count I) and his fourth issue challenges the deadly weapon finding relating to the assault against Young (count II).

"Deadly weapon," for purposes of this case, means "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2012). A trial court shall enter an affirmative deadly weapon finding in the judgment if the defendant (1) used or exhibited a deadly weapon during the commission of a felony offense; or (2) was a party to the offense and knew that a deadly weapon would be used or exhibited. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (West Supp. 2012).

In the context of a prolonged and continuing assault involving a deadly weapon, however, the requirement that a party to the offense know that a deadly weapon "would be used" does not necessarily require proof that the party had knowledge before the assault commenced that a deadly weapon would be used. *See Crutcher v. State*, 969 S.W.2d 543, 546 (Tex. App.—Texarkana 1998, pet. ref'd). It is sufficient for a deadly weapon finding against a party to an offense if the proof shows that, during the course of an offense, it was apparent to the party that a deadly weapon was being used or was about to be used and that party continued to participate in the commission of that offense. *Id.*

It is immaterial which of the two men—Appellant or Ledet—used the beer bottle during Gilmore's assault. *See Crutcher*, 969 S.W.2d at 546-47. The evidence shows that Appellant continued to participate in Gilmore's assault after the beer bottle was used and substantiates the trial court's deadly weapon finding. *See Menefee*, 287 S.W.3d at 18; *Crutcher*, 969 S.W.2d at 547. Accordingly, we overrule Appellant's second issue. Because the trial court's affirmative

12

deadly weapon finding is not count-specific, and we have concluded that the evidence substantiates the deadly weapon finding, we need not address Appellant's fourth issue. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

We have sustained Appellant's sixth issue and overruled Appellant's first, second, and third issues. Because those issues are dispositive, we have not addressed Appellant's fourth and fifth issues. *See* TEX. R. APP. P. 47.1. We ***affirm*** the judgment of the trial court.

### SAM GRIFFITH
Justice

Opinion delivered May 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**MAY 31, 2013**

**NO. 12-12-00020-CR**

**KEITH A. KING,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th Judicial District Court

of Angelina County, Texas. (Tr.Ct.No. 30354)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*